127 N.J. Super. 542 (1974)
318 A.2d 43
NATHANIEL P. JONES, PLAINTIFF,
v.
RONALD M. HEYMANN, DIRECTOR OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, AND CAMDEN FIRE INSURANCE ASSOCIATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1974.
Submitted for Determination March 18, 1974.
Decided April 3, 1974.
*543 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. F. Herbert Owens, III, argued the cause for appellant (Messrs. Kisselman, Deighan, Montano & Summers, attorneys; Mr. Carl Ahrens Price on the brief).
Mr. William R. Powers, Jr., argued the cause for respondent (Messrs. Moss & Powell, attorneys).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
Defendant Director of Motor Vehicles pursuant to leave of this court appeals from a denial of his motion for summary judgment in an action instituted against him under the provisions of N.J.S.A. 39:6-78.
The complaint initially filed against the Director sought recovery for damages sustained as the result of a "no contact" hit-and-run accident under the Unsatisfied Claim and Judgment Fund Law. Plaintiff alleged in the complaint that he was injured in an accident as a result of being forced off the road by an unknown driver of an unidentified motor vehicle. The Director moved for summary judgment on the ground that plaintiff was covered under the uninsured motorist endorsement to his policy of insurance and therefore was not a "qualified person" within the meaning of *544 N.J.S.A. 39:6-62 and was barred from recovery under the provisions of N.J.S.A. 39:6-78. The motion was granted, but without prejudice and subject to being reopened pending the outcome of an arbitration proceeding on the issue of coverage.
The arbitrators ruled that plaintiff was not entitled to coverage under the uninsured motorist endorsement because the accident giving rise to the injury was a "no contact" accident, and there was no corroboration of plaintiff's testimony, as required by the policy. Following that decision plaintiff moved to set aside the prior order for summary judgment which was granted and the complaint was reinstated.
Plaintiff thereupon filed an amended complaint adding as a party defendant his insurance carrier, Camden Fire Insurance Association (Camden). Following the filing of answers by both defendants in which liability was denied by each, the Director again moved for summary judgment on the ground that the requirement of corroboration in a "no contact" hit-and-run accident as set forth in the uninsured motorist endorsement to the Camden policy was void as against public policy since the coverage afforded under such endorsement must be interpreted as broadly as the protection afforded by the Unsatisfied Claim and Judgment Fund Law. The trial judge denied the motion for summary judgment on the ground that there was insufficient evidence before it upon which to decide the issue.
We are of the view that the court was in error in this regard. The salient facts concerning the happening of the accident were uncontroverted, the Camden policy of insurance and the uninsured motorist endorsement issued thereto were before the court by agreement, and both counsel for the Director and for Camden conceded at oral argument that the uninsured motorist endorsement had been approved by the Commissioner of Insurance. Thus, there was no genuine issue as to the material facts involved, and the matter was ripe for a decision on the merits.
*545 The pertinent provisions of the uninsured motorist endorsement are as follows:
The company will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle * * *.

* * * * * * * *
"hit-and-run vehicle" means (i) a highway vehicle which causes an accident resulting in bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, or (ii) a highway vehicle which without physical contact with the insured or with a vehicle which the insured is occupying at the time of the accident causes bodily injury to an insured arising out of an accident in New Jersey, provided:

* * * * * * * *
(d) with respect to subdivision (ii) the facts of such accident can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such accident.
The Director contends that it is the legislative intent that the hit-and-run coverage, which N.J.S.A. 17:28-1.1 requires that every automobile liability policy include, must be interpreted as broadly as the coverage provided by the Fund under N.J.S.A. 39:6-78. We disagree.
N.J.S.A. 17:28-1.1 provides in pertinent part:
No automobile liability policy or renewal of such policy, of insurance insuring against loss resulting from liability imposed by law for bodily injury or death, sustained by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued in this State with respect to any motor vehicle registered or principally garaged in this State unless it includes coverage * * * under provisions approved by the Commissioner of Insurance, for payment of all or part of the sums which the insured or his legal representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, or hit and run automobile as defined in section 18 of chapter 174 of the laws of 1952 (C. 39:6-78), because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising *546 out of the ownership, maintenance or use of such uninsured or hit and run automobile anywhere within the United States or Canada. * * * [Emphasis supplied]
Thus, it is required that every liability policy include coverage for hit-and-run accidents as defined in N.J.S.A. 39:6-78 under provisions approved by the Commissioner of Insurance. N.J.S.A. 39:6-78, entitled "Hit-and-run cases," defines hit-and-run accidents as follows:
When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor against the director in any court of competent jurisdiction. * * *
The provisions of the uninsured motorist endorsement, while requiring police notification and corroboration of an accident, do not conflict with the above statutory definition of a hit-and-run accident, that is, an accident which "arises out of the ownership, maintenance or use of a motor vehicle * * * the identity of [which] and of the operator and owner thereof cannot be ascertained. * * *"
The legislative purpose of N.J.S.A. 17:28-1.1 has been set forth in Exum v. Marrow, 112 N.J. Super. 570 (Law Div. 1970), as follows:
It appears to have been the plain intendment of the amendments of N.J.S.A. 39:6-62 and N.J.S.A. 17:28-1 to relieve the Fund of some of the financial burdens relating to claims against uninsured motorists. The device chosen was to permit the issuance of uninsured motorists coverage endorsements of the kind encountered in this case. [at 574]
The basic differences between the coverage afforded by an uninsured motorist endorsement issued pursuant to N.J. *547 S.A. 17:28-1.1 on the one hand, and the protection afforded under the Unsatisfied Claim and Judgment Fund Law on the other, are readily discernible upon a review of the pertinent statutes. These differences have been aptly set forth in Obst v. State Farm Mut. Auto. Ins. Co., 123 N.J. Super. 60, 66-67 (Ch. Div. 1973), aff'd per curiam 127 N.J. Super. 458 (App. Div. 1974). In the Obst case the very argument asserted here was raised and rejected, the court commenting:
These noted differences suffice to indicate the impossibility of attempting to interpret the language of the uninsured motorist endorsement as broadly as the Fund law. Any attempt to do so would require the court to rewrite the endorsement. This is the responsibility vested by the Legislature in the Commissioner of Insurance. [at 67-68]
Furthermore, the parties conceded below that the uninsured motorist endorsement here under review was approved by the Commissioner of Insurance. The approval of the rate and the form of the endorsement was made effective by the Commissioner on April 2, 1969. To date the Commissioner has not made any change in that endorsement nor withdrawn his approval thereof. It must be presumed, therefore, that he did not consider the uninsured motorist endorsement unfair or inequitable, or that it was against public policy. Cf. Smith v. Motor Club of America Ins. Co., 54 N.J. Super. 37, 43-44 (Ch. Div. 1959), aff'd per curiam 56 N.J. Super. 203 (App. Div. 1959), certif. den. 30 N.J. 563 (1959); Busch v. Home Ins. Co., 97 N.J. Super. 54, 57 (App. Div. 1967).
While there does not appear to be any case directly on point, numerous courts have upheld policy provisions excluding non-contact hit-and-run accidents from coverage in jurisdictions where there is no statutory requirement that there be physical contact with the unidentified vehicle. See, e.g., Prosk v. Allstate Ins. Co., 82 Ill. App.2d 457, 226 N.E.2d 498 (App. Ct. 1967); Amidzich v. Charter Oak Fire Ins. Co., 44 Wis.2d 45, 170 N.W.2d 813 (Sup. Ct. 1969); Hendricks v. United States Fid. & Guar. Co., 5 N.C. App. 181, *548 167 S.E.2d 876 (App. Ct. 1969); Lawrence v Beneficial Fire & Cas. Ins. Co., 8 Ariz. App. 155, 444 P.2d 446 (App. Ct. 1968).
See also Annotation: "Hit-and-Run Vehicle  Physical Contact," 25 A.L.R.3d 1299, 1302 (1969), where it is stated:
In jurisdictions where there is no statutory authorization for a requirement that there be contact with the unidentified vehicle, the courts have generally recognized this type of provision inserted in an uninsured motorist endorsement as a valid limitation on the insurer's liability, being a proper attempt to protect against fraud in cases where the insured is injured through his own negligence and merely alleges the presence of another vehicle. * * *
In Smith v. Allstate Ins. Co., 224 Tenn. 423, 456 S.W.2d 654 (Sup. Ct. 1970), the court held that a policy requirement of contact did not conflict with the Uninsured Motorist Act, which made no mention of such a requirement, particularly in view of the fact that the Commissioner of Insurance had approved the endorsement as required by the statute. The court stated that when there was no apparent conflict between the provisions of the Uninsured Motorist Act and the endorsement, the endorsement, when filed and approved by the Commissioner, became a part of the laws of the State.
Similarly, in Ely v. State Farm Mut. Auto. Ins. Co., 148 Ind. App. 586, 268 N.E.2d 316 (Ind. App. Ct. 1971), the court ruled that a policy provision requiring contact did not conflict with the statute requiring all insurers to issue uninsured motorist coverage, noting that the endorsement had been approved by the Commissioner of Insurance although it had been within his province to reject the endorsement. The court stated:
The policy requirement of `physical contact' is not unreasonable and does not unduly restrict the statute. See Prosk v. Allstate Ins. Co. (1967), 82 Ill. App.2d 457, 226 N.E.2d 498. It attempts to prevent fraudulent claims by requiring of the claimant tangible proof of collision with the vehicle of an uninsured motorist. Thus, its function *549 is to define the risk underwritten by the insurers in this state so that the fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage. [at 319]
Insurance provisions which impose a certain quantum of proof such as "eyewitness clauses" are generally upheld by the courts. See 10 Couch on Insurance 2d, § 41:758 at 607 (1962), which states that:
It is generally held that a provision in an accident policy requiring the accidental nature of an injury to be established by an eyewitness before liability attaches is valid and not against public policy.
By the majority view, the provision is merely a limitation of liability for which the parties have a right to contract, rather than a condition which calls for proof of facts relating to other matters. Nor is the provision invalid as an attempt to modify or control the procedure of courts of justice, or to prescribe rules of evidence, or a denial to the insured of the right to a trial by jury on the issue of the cause of loss.
We are therefore of the view that the uninsured motorist endorsement is not to be construed or interpreted as broadly as the protection afforded by the Unsatisfied Claim and Judgment Fund Law, and the provision thereof requiring corroboration in "no contact hit-and-run accidents" is not void as against public policy. This policy provision is valid and enforceable, and plaintiff is entitled to pursue his rights against the Director under the Fund law. For the foregoing reasons, the denial of the Director's motion for summary judgment is affirmed.