150 N.J. Super. 90 (1977)
374 A.2d 1243
EUGENE R. PASTERCHICK, T/A CROWN COACH COMPANY, PLAINTIFF-APPELLANT,
v.
INSURANCE COMPANY OF NORTH AMERICA AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 2, 1977.
Decided May 17, 1977.
*92 Before Judges FRITZ, ARD and PRESSLER.
Mr. Marvin Eiseman argued the cause for appellant.
Mr. Richard J. Toniolo argued the cause for respondent Insurance Company of North America (Messrs. Morgan, Melhuish, Monaghan & Spielvogel, attorneys; Mr. Robert E. Monaghan on the brief).
Mr. Richard J. Sauerwein argued the cause for respondent St. Paul Fire and Marine Insurance Company (Mr. Michael T. Cooney on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is an appeal from an order confirming the award of an arbitrator called to his duties by virtue of a motor vehicle liability insurance policy provision. The appeal implicates the question of the legality of the corroboration requirement in the provision of the uninsured motorist standard endorsement dealing with coverage under that endorsement against so-called "hit-and-run" vehicles in "no contact" occurrences resulting in bodily injury arising out of an accident. We hold that corroboration provision to be unlawful and reverse.
The coverage to be afforded by an automobile policy has been chosen for regulation by the Legislature, N.J.S.A. 17:28-1.1, and that exercise is not here challenged. The question, then, becomes one of determining the intent of the Legislature when it provided in that statute that
No automobile liability policy * * * of insurance * * * shall be issued in this State with respect to any motor vehicle registered or principally garaged in this State unless it includes coverage * * * for payment of all or part of the sums which the insured or his legal *93 representative shall be legally entitled to recover as damages from the operator or owner of an uninsured automobile, or hit and run automobile as defined in [N.J.S.A. 39:6-78] because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured or hit and run automobile anywhere within the United States or Canada. * * *
N.J.S.A. 39:6-78 reads, in pertinent part, as follows:
When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury may bring an action therefor * * *.
Read literally, these statutes mandate that coverage must be provided in the case of all occurrences (contact or not[1]) resulting in bodily injury caused by an accident involving a motor vehicle the identity of which (or the identity of the operator and owner of which) cannot be ascertained. For the insurance companies to impose a condition requiring corroboration is for them to condition the coverage and thus to provide coverage in fewer cases and upon different terms from those prescribed by statute. Coverage is provided, not pursuant to the formula of the statute, but rather in the lesser populated class of those cases (1) coming within the statutory definition and (2) having the statutory occurrence accompanied by circumstances enabling corroboration. While it is argued in the brief of one of the *94 respondents that "The plain fact of the matter is that the standard Uninsured Motorist Endorsement does, in fact, provide coverage for injuries sustained by an insured in a no contact hit-and-run situation," that statement is simply not so without the additional clause, "only in the event that situation permits corroboration." We believe this to be an impermissible qualification of the statutory mandate.
We need not decide such questions as whether the requirement is against public policy in that it attempts to control judicial procedure or to dictate a canon of evidence; it is enough to justify condemnation that it fails to provide the entirety of that which the Legislature has decreed. Clearly, any attempt by an insurance company to dilute or diminish statutory provisions applicable to its contract of insurance is contrary to public policy, and a provision of the policy thus offensive will, as a matter of public policy, be interpreted and given effect in accordance with the intention of the Legislature. Saffore v. Atlantic Cas. Ins. Co., 21 N.J. 300 (1956).
Beyond this, we are not privileged to question the wisdom of the legislative action or to substitute our judgment for that of the legislative authority. Lehrhaupt v. Flynn, 140 N.J. Super. 250 (App. Div. 1976). We understand well the reasonableness of and desirability for a requirement of corroboration in this area so ripe for fraudulent claims. But correction by judicial legislation demeans the separation of powers. If the Legislature deems the situation to warrant the requirement, it can easily say so.
We observe that approval of a provision by the Commissioner of Insurance is ultra vires with respect to provisions violative of statutory intent. While that approval here might constitute some evidence with respect to intent were the statute less plain, it cannot determine the issue contrary to an evident statutory meaning, no matter how ancient and revered that administrative judgment is. Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 286 (1974).
*95 In arriving at our conclusion we are aware that we have departed from the pronouncement in Jones v. Heymann, 127 N.J. Super. 542 (App. Div. 1974). In this respect we observe first that that case was considered in terms of a determination of legislative intent respecting coverage to be afforded by the Unsatisfied Claim and Judgment Fund vis-a-vis coverage under the uninsured motorist endorsement. Perhaps more significantly, since our determination in Jones we have been instructed "in construing a statute designed to provide protection by insurance for victims of uninsured motorists," which term obviously should be deemed to include the unidentified, no-contact, hit-and-run motorist, "to read the statute literally when such a reading will subserve the socially desirable policy of adequate indemnification of innocent automobile accident victims." Motor Club of America Ins. Co. v. Phillips, supra 66 N.J. at 292. The fact that New Jersey stands apart from most (if not all) other jurisdictions in its statutory compulsion of no-contact, hit-and-run coverage serves to distinguish cases from other jurisdictions which seem superficially to mandate a different result. See, e.g., Amidzich v. Charter Oak Fire Ins. Co., 44 Wis.2d 45, 170 N.W.2d 813 (Sup. Ct. 1969); Prosk v. Allstate Ins. Co., 82 Ill. App.2d 457, 226 N.E.2d 498 (App. Ct. 1967).
We do not intend to imply that a factfinder with respect to the issue of the fact of the occurrence might not reasonably require corroborative proof. We say only that the uninsured motorists endorsement may not lawfully precondition policy coverage upon corroboration.
Reversed and remanded for further proceedings consistent with the foregoing. We do not retain jurisdiction. No costs.
NOTES
[1] No party to this appeal questions the fact that N.J.S.A. 17:28-1.1, in its reference to N.J.S.A. 39:6-78, embraces no-contact, hit-and-run cases (although it is suggested New Jersey is unique in this respect). The language of the statute to this effect appears plain.