151 N.J. Super. 403 (1977)
376 A.2d 1308
IN THE MATTER OF ARBITRATION BETWEEN WILMER GROVER, JR. AND UNIVERSAL UNDERWRITERS INSURANCE COMPANY.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1977.
Decided July 7, 1977.
*405 Before Judges CARTON, KOLE and LARNER.
Mr. Peter R. Brogan argued the cause for appellant Universal Underwriters Insurance Company (Messrs. Pollock & Brogan, attorneys).
*406 Mr. Donald W. Moore argued the cause for respondent Wilmer Grover, Jr.
The opinion of the court was delivered by CARTON, P.J.A.D.
Defendant Universal Underwriters Insurance Company (Universal) appeals from a final judgment upholding an arbitrator's award under the uninsured motorist endorsement of a motorcycle insurance policy issued by it to plaintiff Wilmer Grover, Jr.
On August 4, 1973 Grover was involved in a serious motorcycle accident. Patrolman Daniel Fenske of the South Brunswick Police arrived at the scene about two minutes after the accident and found Grover unconscious and underneath a split-rail fence off the roadway.
In his report of the accident Patrolman Fenske included Grover's statement, taken upon his recovery, that two motor vehicles were involved. Grover stated to Fenske that "he was eastbound on West New Road at approximately 30-35 mph, as he came to curve and began around same a vehicle coming in the opposite direction was on his side of the road. He went to the right off the road and attempted to keep going but he was unable to keep control of his vehicle and accident took place." The report indicates that Fenske found only Grover's damaged motorcycle at the scene.
In September 1975 Grover filed a demand for arbitration with the American Arbitration Association after Universal refused to honor his claim on the accident. Their dispute related to whether the losses sustained in the accident were covered by the hit-and-run, no-contact provision of the policy. The arbitration demand was acknowledged by Universal and both parties proceeded to arbitration.
The arbitration clause in the Universal policy was in the standard motor vehicle insurance policy form and provides:
If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage to the insured, or do not agree *407 as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.
The arbitration proceeding was conducted in November 1975. Prior to the hearing the parties stipulated that if liability were found to exist the award would be for $15,000, the face amount of the policy. No recording was made of the evidence taken in the proceeding. However, it is clear that the focus of the hearing was whether Grover had carried his burden under the policy to prove that a motor vehicle, without physical conduct with Grover or his motorcycle, caused the accident. The relevant portions of the uninsured motorist endorsement provide:
The company will pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; * * *.

* * * * * * * *
"hit-and-run vehicle" means (i) a highway vehicle which causes an accident resulting in bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, or (ii) a highway vehicle which without physical contact with the insured or with a vehicle which the insured is occupying at the time of the accident causes bodily injury to an insured arising out of an accident in New Jersey, provided:

* * * * * * * *
(d) with respect to subdivision (ii) the facts of such accident can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such accident;

* * * * * * * *
"uninsured highway vehicle" means: * * * a hit-and-run vehicle, but only with respect to bodily injury caused thereby; * * *.
*408 Defendant carrier did not raise any jurisdictional objection to the first arbitration hearing on the issue of coverage. It is undisputed that the sole witness at that proceeding was Grover and that the only additional evidence factually describing the cause of the accident was the police report. Universal objected to the relevant portions of the report, including the summary of the accident given to Patrolman Fenske by Grover.
The arbitrator, in December 1975, found Universal liable and awarded $15,000 to Grover. The arbitrator failed to make any findings or state any reasons for the award.
Thereafter, Grover filed a complaint in the Chancery Division and obtained an order to show cause seeking to confirm the award with interest and counsel fees. Universal moved to vacate the award pursuant to N.J.S.A. 2A:24-7. Judge Lenox in effect conditionally vacated the award, but entered an order affording Grover the opportunity to appear before the arbitrator again "to offer, and the Arbitrator to hear, any and all evidence pursuant to Rule of Evidence 8(1), whether from plaintiff or others, which might establish the admissibility of the statement of plaintiff to the police officer following the accident."
As a result a second hearing was conducted before the same arbitrator in June 1976. In that proceeding plaintiff produced two witnesses. One of these was Patrolman Fenske of the South Brunswick Police, who signed the police report and who testified regarding the source of the information. Contradicting the report itself, which indicated the information was obtained by telephone, this witness stated that the factual description of the accident was derived from an interview with Grover at the hospital about a week after the accident. The interview was delayed because prior to that time the doctors would not permit Fenske to see Grover.
Fenske testified that, although Grover appeared to be in pain, he was calm and coherent during the interview. He also testified that while he had passed several cars coming from the scene of the accident as he drove there, he found no evidence *409 that the phantom car existed during his on-scene investigation. He further explained that he had issued a summons to Grover for failing to drive on the improved part of the highway because, due to internal problems in the police department, he feared that he might be brought up on charges if he acted otherwise.
Grover also testified at the second hearing. He corroborated the testimony of Patrolman Fenske regarding the hospital interview. He did not state his version of the accident because of the limited nature of the hearing. However, he did testify that he did not regain consciousness until about three days after the accident, and that the interview took place more than a day after he regained consciousness.
After the second hearing the arbitrator expressly found that Grover's statement in the police report was inadmissible under the Rules of Evidence. Nevertheless, he concluded that these rules were not applicable to an arbitration proceeding and, relying upon what we consider to be equitable considerations, ruled the police report admissible and competent on the corroboration issue. Having admitted the report, the arbitrator found adequate corroboration for Grover's claim, noting that "from all of the evidence, * * * fraud, deceit or collusion does not exist * * *."[1] Consequently, the arbitrator ruled in Grover's favor.
Thereafter, Grover filed an amended verified complaint and obtained from Judge Greenberg, who had in the interim replaced Judge Lenox in the Chancery Division, an order to show cause to enforce the arbitrator's second award. Universal also moved to vacate this award.
*410 Following GEICO v. Bovit, 142 N.J. Super. 268 (App. Div. 1976), certif. den. 71 N.J. 502 (1976), Judge Greenberg held that questions of coverage under the uninsured motorist endorsement must be decided by a court of law and not an arbitrator. Although he raised the issue, he made no determination as to whether Universal had waived a judicial determination of coverage by proceeding through the arbitration without objection. Judge Greenberg decided the case on the basis of the facts adduced at the arbitration hearings rather than holding another factual hearing. He reasoned that the policy language requiring corroboration would be satisfied by reasonable proof of the facts surrounding the happening of an accident, even though all of the details of the accident might not be corroborated. He concluded that Grover had produced such competent evidence and therefore was entitled to the $15,000 award under the policy. Later he granted Grover's motion for a counsel fee in the sum of $5,700 and allowed interest at the rate of 8% a year from the date of the second award, August 4, 1976.
Universal appealed from the whole of the judgment and from the order allowing counsel fees.
We affirm the judgment of the trial judge upholding the award in favor of Grover, but not for the reasons expressed in his opinion. Thus, we do not pass on whether the judge properly held that competent evidence had been adduced within the meaning of the policy's corroboration requirement of competent evidence "other than the testimony of any person having a claim under" the policy.[2]
*411 The arbitration was provided by an agreement of the parties through the insurance policy. Either party could waive, by conduct or otherwise, a provision of that agreement without implicating the rule that a court's subject matter jurisdiction may not be waived. See Migneault v. United Services Automobile Ass'n, 21 Ariz. App. 397, 519 P.2d 1162 (App. Ct. 1974); Annotation, "Participation in Arbitration Proceedings As Waiver of Objections to Arbitrability," 33 A.L.R.3d 1242 (1970). Cf. McKeeby v. Arthur, 7 N.J. 174, 180-182 (1951); Dist. 65, R.W.D.S.U. v. Paramount Surg. Sup. Co., 117 N.J. Super. 125 (App. Div. 1971). See also, Polshek v. Bergen Cty. Iron Works, 142 N.J. Super. 516, 521-523 (Ch. Div. 1976).
The record clearly shows that Universal was aware from the outset that the primary dispute related to coverage under the hit-and-run provision of its insurance policy. Universal acknowledged Grover's demand for arbitration, and the first arbitration proceeded to a conclusion without the carrier raising any jurisdictional objection to the arbitration. Indeed, prior to the hearing, it stipulated that if liability were found, the award should be in the amount of $15,000, the face amount of the policy. Nor is it denied that Grover testified at the first arbitration proceeding and offered other evidence of the accident.
At that point Universal had clearly waived its right to have the coverage question decided by the court. It had already, without timely or proper objection, permitted the claim to be submitted to the arbitrator. If the carrier wished a judicial determination of the coverage issue, it should have raised that question before proceeding to arbitration under its contract, rather than waiting until the arbitrator rendered a decision on the merits. Acceptance of the carrier's argument would frustrate the rationale for providing for arbitration in the insurance contract. See Collingswood Hosiery *412 Mills v. Am. Fed. of Hosiery Wkrs., 31 N.J. Super. 466, 473 (App. Div. 1954).
Consequently, we conclude that Judge Lenox erroneously remanded the matter to the arbitrator for consideration of further evidence on the jurisdictional issue,[3] and that he should have entered a final judgment confirming the award. Our conclusion is not altered by the fact that Judge Lenox's remand order was interlocutory and hence appealable only by leave of this court. See In re Old Colony Coal Co., 49 N.J. Super. 117, 123 (App. Div. 1958); R. 2:2-4. We properly consider the propriety of Judge Lenox's remand because the appeal of Judge Greenberg's judgment necessarily presents for our review the validity of the prior interlocutory order, particularly where, as here, manifest injustice would result if the erroneous interlocutory order was not noticed and corrected by us. See Amico v. Bd. of Rev., 49 N.J. 159, 163 (1967); In re Contempt of Carton, 48 N.J. 9, 15 (1966); Andersen v. Well-Built Homes of Central Jersey, Inc., 69 N.J. Super. 246, 255 (App. Div. 1961).
Even if we could conclude that Universal did not waive the jurisdictional objection to the first arbitration of Grover's claim because of its participation in the first arbitration proceeding, beyond question it waived that objection when it entered the second round of arbitration on the same claim before the same arbitrator. In that proceeding Grover again testified, as did the police officer. Only after Grover prevailed before the arbitrator a second time, filed his amended complaint to enforce the arbitrator's second award and Universal made its motion to vacate that award was the issue of coverage and the question of waiver of jurisdiction raised, and then apparently only by Judge Greenberg. Judge *413 Greenberg could properly have confirmed the second award on waiver grounds alone, without examining the merits of the arbitrator's decision pursuant to N.J.S.A. 2A:24-8. See Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178 (1963); Local Union 560 v. Eazor Express, Inc., 95 N.J. Super. 219, 227 (App. Div. 1967).
We are satisfied that the record clearly shows that the arbitrator intended to decide the coverage question in accordance with notions of fairness to both parties (apparently based upon his view that the purpose of the instant arbitration provision was to prevent fraudulent claims), rather than endeavoring to apply any settled principles of law. We so conclude even though in the second award he cited cases relating to the corroboration requirement. Accordingly, even apart from the matter of waiver of the coverage issue, the arbitrator's awards are unassailable under the "undue means" criteria of the statute, N.J.S.A. 2A:24-8 a, and could have been confirmed by both judges below under established precedent relating to such awards. See Local Union 560 v. Eazor Express, Inc., supra, 95 N.J. Super. at 227-28; Wm. J. Burns, Inc. v. N.J. Guards Union, Inc., 64 N.J. Super. 301, 312-13 (App. Div. 1960), certif. den., 34 N.J. 464 (1961). See also La Stella v. Garcia Estates, 66 N.J. 297, 303-304 (1975).
Finally, we conclude that the trial judge's allowance of a counsel fee was a proper exercise of its discretion under R. 4:42-9(a) (6). That rule gives the court discretion to award counsel fees in an action upon a liability policy of insurance in favor of a successful claimant. Although the court specifically found that Universal was not acting in bad faith in contesting the arbitrator's decision, it properly allowed the fee in order to make the claimant whole. See Corcoran v. Hartford Fire Ins. Co., 132 N.J. Super. 234, 246 (App. Div. 1975); N.J. Mfrs. Ins. Co. v. Consolidated Mut. Ins. Co., 124 N.J. Super. 598, 602 (Law Div. 1973).
*414 We have considered appellant's other contentions and find them to be without merit.
Affirmed.
LARNER, J.A.D., dissenting.
The major thrust of the majority opinion is bottomed upon the conclusion that Universal Underwriters Insurance Company waived its objections to the impropriety of the arbitrator's award by its participation in the two arbitration hearings. My point of departure is focused upon the application of the doctrine of waiver to the unusual circumstances involved in the prior proceedings and decision-making process in this case.
Preliminarily, I am unable to find any contention by Grover either in the record below or in the appellate briefs that Universal waived its legal objections to the arbitrator's award through participation in the arbitration. The only reference to this legal bar is in the oral opinion of Judge Greenberg wherein he obliquely suggests that such a waiver might be dispositive, but fails to rest his conclusion thereon. Despite this reference, Grover does not urge the same as an alternative appellate ground for affirmance, and thus Universal has not been afforded the opportunity to argue contrariwise.
Disregarding the unfairness of an appellate decision based on a ground not advanced or explored by the litigants, the majority opinion requires me to analyze the merits of the issue.
The insurance policy provides for arbitration as the means of resolving disputed claims. However, opinions of this court have established that coverage questions are matters for judicial determination and are not encompassed by the arbitration clause in the uninsured motorist endorsement. GEICO v. Bovit, 142 N.J. Super. 268 (App. Div. 1976); Travelers Indemnity Co. v. Mongiovi, 135 N.J. Super. 452 (App. Div. 1975).
As a consequence, the effect of the arbitration clause produced an equivocal situation wherein the issues of liability *415 of the phantom driver and damages were appropriately arbitrable, whereas the issue of coverage was one determinable by a court of law. See GEICO v. Bovit, supra, 142 N.J. Super. at 273. This was further complicated in the context of this case by the fact that the arbitrable issue of liability and fault of the operator of the alleged no-contact, hit-and-run vehicle was equally dependent on the same proofs as those germane to the court-related issue of coverage. Obviously there could be no coverage or liability of the carrier under the policy provisions unless the phantom operator was liable as a tortfeasor and the carrier was liable because there was in truth a phantom vehicle accident as corroborated by competent evidence other than the testimony of the claimant.
In view of the bifurcated issues susceptible to determination by two different tribunals, I would hesitate to ascribe an intentional waiver of the right to a judge-made decision of coverage by participation in the arbitration proceeding.[1] In the absence of an affirmative and understanding waiver of the specific issue of coverage, it is just as reasonable to assume that Universal entered the arbitration for resolution of the purely arbitrable question of liability of the tortfeasor. By doing so it cannot be said that it conclusively waived its right to the nonarbitrable issue of coverage.
The arbitrator's award, entered on December 4, 1975 in favor of the claimant, contained no findings, nor was there a transcript of the hearing. Grover then filed a complaint to confirm the award while Universal filed a motion to vacate the award because it was the result of "undue means," a clearly mistaken view of fact or law.
Judge Lenox held that the arbitrator's award should be set aside under the statutory provision, N.J.S.A. 2A:24-8 (a), because it was the result of a clear mistake in violation of the authority granted to the arbitrator in the contract. *416 He reasoned that there was a failure of proof by corroborative evidence of the no-contact, hit-and-run accident alleged by the claimant, with the consequence of no coverage under the terms of the insurance policy. The only proof before the arbitrator beyond the testimony of the claimant consisted of a police report in which it appeared that the claimant told the police officer that he was forced off the road by a vehicle coming in the opposite direction.
Judge Lenox, in an exhaustive opinion, found that the contract prerequisite of corroborative evidence had not been met by the hearsay of the claimant's declaration in the police report since such declaration was not "competent evidence" under the policy language in the absence of a preliminary finding that it was admissible under one of the recognized exceptions of the hearsay rule, such as Evid. R. 63(4).
He determined that the arbitrator exceeded the contractual authority which, in turn, constituted the statutory "undue means" permitting a court to set aside the award. However, instead of deciding the issue of coverage himself, the judge remanded the matter to the arbitrator in order to afford the claimant another opportunity to fill the gap of the corroborative evidence required by the policy contract. The order limited the remand "to the issue of whether or not the statement made by Plaintiff, contained in the police report, is admissible as an exception to the hearsay rule."
At this point I note my concurrence with the determination that the arbitration award was invalid as a decision produced by "undue means." I do observe, however, that it was inappropriate to remand the issue to the arbitrator and that the subsequent confusion could have been avoided by the retention of the matter by the court for further hearing and definitive resolution of the coverage question.
Nevertheless, if the award was assailable as having been entered by "undue means," the court's order vacating the same rendered it a nullity, foreclosing any reliance upon the arbitration proceeding as a basis for the waiver ground of affirmance.
*417 The compass of the arbitrator's power lies within the policy contract, and a determination contrary to the authority of that contract is a nullity. Since the contract authorizes an award on the merits of the tort claim against the no-contact hit-and-run driver only where the claimant can establish the salient facts of such an accident by corroborative competent evidence over and above his own testimony, the arbitrator acted beyond his authority in approving the claim without such corroboration. Such a deviation represents a clear mistake of a mixed question of fact and law and nullifies the legal effect of the arbitration award.
Since the decision in Brooks v. Pa. Mfrs. Ass'n Ins. Co., 121 N.J. Super. 51, 55 (App. Div. 1972), mod. on other grounds, 62 N.J. 583 (1973), there is a presumption that the arbitrator intended to apply the rule of law unless the record affirmatively demonstrates the contrary intention. See also, Ukrainian Nat'l Urban Renewal Corp. v. Muscarelle, 151 N.J. Super. 386 (App. Div. 1977); In re Arbitration between Mary & William Harris, 140 N.J. Super. 10, 14-15 (App. Div. 1976); Harsen v. West Milford Tp. Bd. of Ed., 132 N.J. Super. 365, 371-372 (Law Div. 1975). There is nothing in the record or in the arbitration provision in the policy which would suggest that the arbitrator determined all issues according to his own concept of what is just and right regardless of the applicable law. As a consequence, the arbitrator's error in exceeding his authority and in granting an award contrary to the applicable law was remediable by judicial intervention under N.J.S.A. 2A:24-8(a). See Belardinelli v. Werner Continental, Inc., 128 N.J. Super. 1 (App. Div. 1974); Wm. J. Burns, etc., Inc. v. N.J. Guards Union, Inc., 64 N.J. Super. 301, 307 (App. Div. 1960).
The saga continues. On the remand, another hearing took place, during which the claimant and police officer testified. The latter made it clear that the statement was taken from the claimant about a week after the accident when the claimant was sufficiently recovered, coherent and calm, though in pain.
*418 The arbitrator expressly found that the statement was not admissible as an excited utterance under the hearsay rule, however, in violation of the condition contained in the order of remand he proceeded to point out the usual rule applicable to arbitrations which permits the disregard of strict rules of evidence. And, considering the statement as "competent" evidence of corroboration, he again found for the claimant.
In my opinion, the arbitrator's disregard of the court order of remand, which represented the ambit of his authority at the second hearing, renders his decision invalid. Whether it is sustainable on its merits is of no moment. His clear violation of the limited reference vitiates the effect of his decision. And certainly the participation of Universal in this second hearing pursuant to the court's direction cannot be construed as a consent or waiver in any respect.
The final judicial action arose before Judge Greenberg on cross-motions to confirm and vacate the second arbitrator's award. In harmony with GEICO v. Bovit, supra, and Travelers Indem. Co. v. Mongiovi, supra, the judge undertook to decide the merits of the issue of coverage as an independent judicial determination and not as a summary matter of confirmation of the arbitrator's award. The arbitration proceeding and award did not come into play except that the judge utilized the evidential record before the arbitrator as the basis for decision instead of conducting a repetitive hearing.
Although this method of disposition is clear from the record before us, for some unexplained reason the order entered pursuant to the oral opinion is not couched in terms of an original judgment but rather in terms of confirmation of the arbitration award. Again confusion comes to the fore, and it is difficult to fathom why the order varies from the opinion, unless it can be said that the judge's determination of coverage led to a confirmation of the arbitrable *419 portion of the award relating to the tort liability of the phantom driver and resultant damages.
In any event, it is implicit in Judge Greenberg's opinion, which is incorporated by the order, that the arbitrator's conclusion relating to the primary issue of coverage was shunted aside and that this appeal is in truth an appeal from the judge's determination of the merits rather than from a mere confirmation of the arbitration award.
In light of the foregoing recitation of the procedural background of this case, I am unable to agree that the broad brush of waiver is an appropriate basis for disposition of this appeal. The particular litigation activity herein does not permit this court to deprive the insurance carrier of its right to contest the merits of the claim under the coverage provisions of the policy. And since I disagree with the majority decision premised upon waiver, I must proceed to consider whether Judge Greenberg's order based on the arbitration hearing transcript is legally sound.
As quoted in the majority opinion, subsection (d) of the policy requires a special standard of proof for coverage in a case involving a no-contact, hit-and-run vehicle. The facts of the accident must be corroborated by competent evidence other than the testimony of the claimant.[2] Judge Greenberg held that this requirement was satisfied by a construction in the context of a finding on a credibility basis that the accident did take place as the claimant described. He stated:
I say that the corroborative evidence in this case as to the facts of the accident can be evidence that shows that indeed this was a legitimate claim in the sense that there was an accident that took place * * *
*420 Finally, he ruled in effect that the corroboration of the occurrence of an accident by the inferences from the damage to the vehicle, the observations of the officer at the scene and the injury to the claimant was adequate to sustain coverage. He stated flatly, "I have construed this policy to mean that competent evidence of the facts of the accident will be sufficiently shown when the accident is shown." Apparently the judge felt that the insurance carrier was "no worse off" under such circumstances than in a case involving a hit-and-run contact accident, and thus that it should not be necessary to present other corroborative evidence.
In arriving at his conclusion he relied upon Conklin v. Heymann, 124 N.J. Super. 227 (Law Div. 1973), in which the court broadly construed the same policy requirement of corroboration to include such things as the on-the-scene investigation by the police and the timely reporting to the insurance company in order "to afford reasonably complete remedies to victims of motor vehicle accidents." Id. at 234.
In my opinion, the judge erred in determining that the proofs in the record of the arbitration hearing satisfied the contractual obligation to corroborate the accident by competent evidence other than the testimony of the assured. The primary question of coverage under the terms of the policy does not involve a mere factual response that an accident took place or that the claim is not fraudulent. It rather requires corroboration by any competent evidence other than the testimony of the claimant that there was in fact the type of accident defined by the policy involving another car which did not come in contact with the assured's vehicle. See Farmers Ins. Exchange v. Colton, 264 Or. 210, 504 P.2d 1041, 1044 (Sup. Ct. 1972).
To accept the broad interpretation and reasoning of Judge Greenberg below or that of Judge Gascoyne in Conklin v. Heymann, supra, would result in total emasculation of the policy provisions. In Obst v. State Farm Mut. Auto Ins. Co., 123 N.J. Super. 60 (Ch. Div. 1973), aff'd, 127 N.J. *421 Super. 458 (App. Div. 1974), the court held that there was no coverage in the absence of corroboration and rejected the same broad interpretation urged by the claimant. Such a proof requirement is a meaningful and reasonable safeguard against the potential fraud inherent in a no-contact accident, and serves to add some measure of bona fides to claims arising out of such an accident. See Jones v. Heymann, supra, 127 N.J. Super. at 549. In contact cases the physical result of the collision serves as sufficient corroboration without the necessity of other proof. In a no-contact case there are no tangible signs of the intervention of another vehicle, and thus corroboration is a logical requirement to eliminate fraud.
In fact, in many states there can be no recovery on an uninsured motorist endorsement in the absence of an accident involving physical contact with another vehicle. See 25 A.L.R. 3d 1299 (1969). New Jersey has liberalized the insurance policy to permit recovery, but has authorized the protective device of corroborative proof to sustain coverage.
I would construe "competent evidence" to describe such evidence which is relevant and material and not barred by an exclusionary rule. It is synonymous with the term "admissible." See 29 Am. Jur.2d, Evidence, § 257; Ballentine, Law Dictionary (2 ed. 1948), 248.
In that context, it is manifest that the extrajudicial statement of the claimant to the police officer made a week after the accident and without any indicia of stress or excitement would not be competent or admissible under any of the recognized exceptions to the hearsay rule, of which Evid. R. 63(4) is most pertinent. See Lieberman v. Saley, 94 N.J. Super. 156 (App. Div. 1967); Fagan v. Newark, 78 N.J. Super. 294 (App. Div. 1963).
The record does not reveal any other corroborative evidence, direct or circumstantial, that another vehicle proceeding in the opposite direction caused the claimant to veer off the road. The investigation at the scene by the *422 police officer, the location of the insured vehicle near the fence and the injury to the insured, represent evidence that the assured left the road and crashed into a fence. None of these facts, however, corroborates the existence of a phantom car as the cause for the collision.
Thus the occurrence of an accident involving a no-contact, hit-and-run vehicle rests solely upon the testimonial version of the assured himself and lacks the requisite corroboration mandated by the policy. On such a record there is no coverage and therefore no right of reimbursement under the policy. A court cannot disregard the plain terms of the policy in order to adopt a construction which favors the assured against the insurance company. See Petronzio v. Brayda, 138 N.J. Super. 70, 75 (App. Div. 1975).
I would reverse and enter judgment for Universal.
NOTES
[1] The arbitrator found that the "self-serving declaration obtained by Patrolman Fenske and included in his motor vehicle accident report was obtained at the earliest possible time since the claimant was unconscious at the scene of the accident and was held incommunicado at the hospital because of his critical condition"; that timely notice of the accident had been given the carrier, and that there was an early on-the-scene police investigation.
[2] Nevertheless, we believe that in an appropriate factual setting, credible proofs of the type relied upon by the trial judge could lead to the inference that a "phantom car" accident did occur and that the claim is not fraudulent. The reasonable expectations of the parties and the manner in which insurance contracts should be construed might well justify such an interpretation. Bryan Constr. Co. Inc. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375 (1972). See also, Immer v. Risko, 56 N.J. 482, 493-495 (1970). See and compare Pasterchick v. Insurance Co. of North America, 150 N.J. Super. 90 (App. Div. 1977) with Jones v. Heymann, 127 N.J. Super. 542 (App. Div. 1974), which cases discuss the validity of the corroboration requirement.
[3] We note that had Universal not waived judicial consideration of the jurisdictional question, the court, rather than the arbitrator, would have been required to decide the issue, GEICO v. Bovit, supra, and that any factual hearing should have been conducted by the trial judge.
[1] The demand for arbitration is unrevealing as to the particular issue or issues to be arbitrated.
[2] I am satisfied that this policy provision is valid and enforceable, as held in the opinion of this court in Jones v. Heymann, 127 N.J. Super. 542 (App. Div. 1974). I disagree with the contrary conclusion of another part of the Appellate Division in Pasterchick v. Insurance Co. of North America, 150 N.J. Super. 90 (App. Div. 1977).