EDUARDO PEREZ, PLAINTIFF-APPELLANT, v. AMERICAN
BANKERS INSURANCE COMPANY OF FLORIDA,
DEFENDANT-RESPONDENT.

Argued October 9, 1979—Decided December 20, 1979.

*Mr. Jac B. Weiseman* argued the cause for appellant (*Messrs. Blume & Weiseman,* attorneys).

*Mr. Bernard D. Pearl* argued the cause for respondent (*Messrs. Weiner, Ostranger & Pearl,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J.

The basic issue presented by this appeal is the validity of a clause contained in the Uninsured Motorist (UM) Endorsement of automobile insurance policies which requires, as a condition of coverage of a noncontact hit-and-run accident, corroboration of the facts of such accident, a question specifically reserved in *In re Matter of Arbitration Between Grover,* 80 *N.J.* 221, 233 (1979). The framework in which the issue is presented is an arbitration proceeding under the policy.

The facts are easily recited. Plaintiff Eduardo Perez was the owner of a motorcycle. He had taken out a liability insurance policy with defendant American Bankers Insurance Company of Florida (American), which policy contained the standard motor vehicle uninsured motorist endorsement. The endorsement also covered accidents involving hit-and-run vehicles and provided in relevant part:

"hit-and-run vehicle" means (i) a highway vehicle which causes an accident resulting in bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, or (ii) a highway vehicle which without physical contact with the insured or with a vehicle which the insured is occupying at the time of the accident causes bodily injury to an insured arising out of an accident in New Jersey, provided:

    \*    \*    \*    \*    \*    \*    \*    \*

(d) with respect to subdivision (ii) the facts of such accident can be corroborated by competent evidence other than the testimony of any person having a claim under this or any other similar insurance as the result of such accident \* \* \*.

Perez, while riding his motorcycle, was injured in an accident which happened on McCarter Highway in Newark. He filed a claim with American under the UM endorsement in his policy alleging an accident with a hit-and-run vehicle. American rejected the claim, apparently on the ground that the accident, if it involved another vehicle at all, was a noncontact accident, and that corroboration of the facts of such accident, as required by the policy, was lacking. Perez then demanded arbitration of the dispute pursuant to the arbitration clause contained in the UM endorsement.

At the time the claim was rejected, existing case law of the State upheld the validity of such policy requirement.[1] *Jones v. Heymann*, 127 *N.J.Super.* 542 (App.Div.1974). Because of this, the parties decided to submit only the question of coverage to arbitration. Two questions were presented to the arbitrator, namely, was the accident a contact or a noncontact accident and, if the latter, was there sufficient corroborative evidence to satisfy the policy requirement? According to counsel for Perez, this limited submission did not include the question of liability, *i. e.*, whether in fact there had been an accident involving another vehicle and, if so, whether the accident was caused by the fault of the other driver.

The hearing before the arbitrator was not transcribed. However, counsel represents that Perez claimed that the accident with the hit-and-run vehicle was a contact accident. Proofs were also presented on the issue of corroboration. By letter dated May 23, 1977, the arbitrator notified counsel that he found that the accident was a noncontact accident. Perez was given

---

[1]The uninsured motorist endorsement, including the requirement of corroboration, had been approved by the Commissioner of Insurance and was a part of the standard automobile liability policy issued in this State.

15 days to submit any additional proofs he might have regarding corroboration, as required by the policy.

At about the same time, on May 17, 1977, *Pasterchick v. Insurance Co. of No. America*, 150 *N.J.Super.* 90, was decided by the Appellate Division. That case differed with *Jones* and held that the policy provision requiring corroboration of the facts of a hit-and-run noncontact accident was void as contrary to the statutory provisions contained in *N.J.S.A.* 17:28–1.1 and *N.J.S.A.* 39:6–78. However, in holding that the uninsured motorist endorsement may not lawfully precondition policy coverage on corroboration, the court stated that a fact finder was nevertheless still free to find under all the circumstances, including absence of corroboration, that an accident involving another vehicle had not in fact occurred. This decision was promptly called to the attention of the arbitrator.

On October 11, 1977, the arbitrator rendered his award denying plaintiff's claim. So far as is here pertinent, it reads:

I, THE UNDERSIGNED ARBITRATOR, designated under the arbitration provision of Policy No. MC340 43 45, having been duly sworn and having held a hearing on May 4, 1977, for the sole purpose of hearing proofs and allegations of the Parties on the issue of coverage, and at that hearing, both parties having agreed that I would, subsequently, make a finding of fact as to whether the accident which occurred on April 20, 1976, was a "contact" or a "non-contact" accident and, should I determine that this was a "non-contact" accident, the parties having agreed that I would determine whether EDUARDO PEREZ complied with the portion of Policy No. MC340 43 45 dealing with "non-contact" accidents, and having considered all proofs and allegations submitted to me, I FIND as follows:

A. The accident which occurred on April 20, 1976, was a non-contact accident.

B. EDUARDO PEREZ has not corroborated the occurrence of that accident, notwithstanding the language of Policy No. MC340 43 45.

The difficulty with the award is that no one can ascertain just what was decided, as is evidenced by the course of subsequent events.

After receiving the arbitration award, plaintiff filed suit in the Law Division to have the award vacated. See *N.J.S.A.* 2A:24–8. At the hearing, American argued that the arbitrator had only decided that corroborative proof of the *fact* of the claimed accident was lacking and that the claim was denied on that ground. However, the court ruled that it was clear that the arbitrator was not dealing with the question of the *fact* of the occurrence but with the issue of compliance with the corroboration requirements of the policy. The court held that in so doing the arbitrator failed to follow *Pasterchick*, which it determined to be controlling, and was thereby clearly mistaken as to the applicable law. It therefore vacated the award in its entirety.

The Appellate Division reversed. Its unpublished opinion interpreted the award as saying that the lack of corroborative evidence led the arbitrator to find that a compensable accident had not occurred. It concluded that this finding was in accord with the *Pasterchick* observation that a fact finder might reasonably require corroboration with respect to the issue of the *fact* of the occurrence. Certification was granted, 81 *N.J.* 259, 405 *A.*2d 804 (1979), because of the conflicting Appellate Division decisions as to the validity of the uninsured motorist endorsement provision which conditioned coverage of hit-and-run noncontact accidents on corroboration.

We agree with *Pasterchick* that the clause requiring corroboration as a condition of coverage is invalid substantially for the reasons expressed by Judge Fritz in his opinion in that case. The pertinent statutes, *N.J.S.A.* 17:28–1.1 and *N.J.S.A.* 39:6–78, require coverage of the insured for bodily injury, *etc.*, in all hit-and-run cases. No distinction is made between contact and noncontact accidents. Imposition of the requirement of corroboration in noncontact cases adds a substantial condition to the mandated coverage not sanctioned by the Legislature.

We consider next the arbitrator's award. Two courts have found it to mean different things. We are uncertain as to

what the arbitrator meant to decide. Part of the problem is due to the fact that the sole issue submitted to him was that of coverage. We recognize that, at the time, the parties believed that they were dealing with a valid policy provision requiring corroboration. However, it would appear that the basic question involved was the fact of the claimed accident, *i. e.*, whether Perez's accident involved a hit-and-run vehicle, as to which Perez, of course, would have had the burden of proof.

The trial court ruled that the arbitrator was mistaken as to the applicable law. We are not certain that this is so. However, if the arbitrator intended to follow *Pasterchick*, then the findings he made are contradictory as will be hereinafter shown. In either event, the award was procured by undue means and must be set aside. *N.J.S.A.* 2A:24–8; *In re Matter of Arbitration Between Grover, supra.*

American makes the argument that even if the arbitrator's award is vacated, at least his findings of fact as to a noncontact accident and lack of corroboration should stand. The same argument was rejected by the trial court on the ground that to attempt to salvage part of the award would cause only more confusion for a subsequent arbitrator. The court also rejected the suggestion that the matter be remanded to the arbitrator for clarification or supplementation of his findings. See *In re Matter of Arbitration Between Grover, supra,* 80 *N.J.* at 231.

We agree with both rulings. The language of the first issue submitted to the arbitrator is confusing and was at the root of what happened thereafter. It is difficult to see how the arbitrator could decide whether the accident was a contact or noncontact accident without deciding whether or not a hit-and-run vehicle was involved in the first place. Inherent in the issue whether there was a contact or noncontact accident is the question whether a hit-and-run vehicle was involved. However, the arbitrator's findings are:

A.  The accident which occurred on April 20, 1976 was a non-contact accident.

B. Eduardo Perez has not corroborated the occurrence of that accident, notwithstanding the language of Policy No. MC340 43 45.

If "A" should be read so as to include a finding that a hit-and-run vehicle was involved (and we do not see how it can be read differently), it is inconsistent with "B" which finds that Perez has not corroborated (established) *the occurrence* of that accident. The confusion engendered by the submission has permeated the entire proceeding, including the findings, no part of which can be salvaged.

We conclude that justice will be served best by reversing the judgment of the Appellate Division and reinstating the Law Division order which vacated the award in its entirety. The parties may now resolve the issues of whether there was an accident involving a hit-and-run vehicle, whether that vehicle was at fault and, if so, the amount of damages and payment owing under the insurance policy by proceeding with a new arbitration in accordance with the policy provisions.

*For reversal and reinstatement*—Chief Justice WILENTZ and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER, HANDLER and POLLOCK—7.

*For affirmance*—None.