**Barno MAVASHEV and Rubin Mavashev, Plaintiffs–Appellants,**

v.

**WINDSOR INSURANCE COMPANY, Defendant–Appellee.**

No. 02CA1244.

Colorado Court of Appeals, Div. I.

May 8, 2003.

Frankl & Kabler, P.C., Keith E. Frankl, Steven R. Kabler, Denver, Colorado, for Plaintiffs–Appellants.

Kane, Donley & Johnson, P.C., Mark H. Kane, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge STERNBERG.*

The determinative issue in this appeal is whether an uninsured motorist (UM) insurance contract that contains a corroboration clause is void as a violation of public policy.

The clause provides that, in a hit-and-run accident where the vehicles do not make contact, the policy will provide coverage only if the fact of the accident is corroborated by evidence other than the testimony of a person making a claim under the policy. We find this provision to be contrary to public policy and therefore reverse the judgment that reached a contrary conclusion.

On the night of January 17, 2000, plaintiff Rubin Mavashev was driving a car insured by defendant, Windsor Insurance Company. His wife, plaintiff Barno Mavashev, and a family friend were also in the vehicle. Allegedly, an oncoming vehicle came into the lane of traffic in which the Mavashev vehicle was traveling, resulting in Mavashev swerving out of his lane, across the oncoming lane, and into a large rock. There was no contact between the vehicles, the reported oncoming vehicle did not stop following the incident, and no óther witnesses are known to exist. All three occupants of the vehicle were injured in the collision. Windsor paid a claim filed by the friend under the general liability and bodily injury provision of the policy.

The Mavashevs filed a claim for bodily injuries under the UM portion of their policy with Windsor. Windsor denied their claim because they did not have a corroborating, nonclaiming witness, as required by the UM policy agreement. In relevant part, the policy requires that:

> If there is no physical contact with the hit and run vehicle the facts of the accident must be proved. [Windsor] will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage. There is no coverage for property damage.

In granting Windsor's motion for summary judgment, the trial court concluded that the language in the contract does nothing to limit coverage mandated by the Colorado Uninsured Motorists Act, § 10–4–609, C.R.S.2002. The trial court reasoned that without the challenged language, insurers would have no defense against these types of claims and the

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

increased potential for fraud and collusion. We disagree with the court's ruling.

## I.

Colorado courts have previously declined to uphold UM provisions that create heightened or additional procedural requirements. *See Huizar v. Allstate Ins. Co.*, 952 P.2d 342 (Colo.1998)(trial de novo clause invalid); *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487 (Colo.1998)(consent to sue clause invalid). The exclusions that have been allowed are typically based upon the class of persons or vehicles involved in the accident, so that under those facts the claimant fell outside the protection of the UM statute. *See Allstate Indem. Co. v. Gonzales*, 902 P.2d 953 (Colo.App.1995)(motorcycle exclusion); *Lopez v. Dairyland Ins. Co.*, 890 P.2d 192 (Colo.App.1994)(excluded driver); *Keely v. Allstate Ins. Co.*, 835 P.2d 584 (Colo.App.1992)(snowmobile exclusion); *Williams–Diehl v. State Farm Fire & Cas. Co.*, 793 P.2d 587 (Colo.App.1989)(owned-but-uninsured exclusion).

■ A term in a policy may be void and unenforceable "if it violates public policy by attempting to 'dilute, condition, or limit statutorily mandated coverage.' " *Terranova v. State Farm Mut. Auto. Ins. Co.*, 800 P.2d 58, 60 (Colo.1990)(quoting *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585, 589 (Colo. 1984)). In our view, the policy provision involved here serves as a direct limitation on the mandated coverage.

The coverage is mandated by § 10-4-609(1)(a), C.R.S.2002, which provides that:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state ... unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury ... except that the named insured may reject such coverage in writing.

This language has been analyzed extensively by the supreme court, which has observed that:

The purpose of [UM] coverage is to compensate an innocent insured for loss, subject to the insured's policy limits, caused by financially irresponsible motorists. The legislative intent is satisfied by coverage that compensates a person injured by an uninsured motorist to the same extent as one injured by a motorist who is insured in compliance with the law.

*Terranova, supra,* 800 P.2d at 61 (citation omitted).

The UM statute does not define an uninsured motorist or an uninsured automobile, but divisions of this court have found those terms to include vehicles that have no applicable insurance under the facts and circumstances in which the claim was made. *See Borjas v. State Farm Mut. Auto. Ins. Co.*, 33 P.3d 1265, 1268 (Colo.App.2001); *Claire v. State Farm Mut. Auto. Ins. Co.*, 973 P.2d 686, 688 (Colo.App.1998)(citing *State Farm Mut. Auto. Ins. Co. v. Nissen*, 835 P.2d 537 (Colo.App.1992), *aff'd,* 851 P.2d 165 (Colo. 1993)).

■ A division of this court also has held, in the case of a hit-and-run accident where the vehicles did not make contact and where the hit-and-run driver was unidentified, that a clause in the UM policy requiring contact between vehicles was void. When the driver of the vehicle cannot be identified, that driver is held, for purposes of UM coverage, to be uninsured. *See Farmers Ins. Exch. v. McDermott*, 34 Colo.App. 305, 308–09, 527 P.2d 918, 919–20 (1974). Windsor argues that, because the claiming party in *McDermott* was prepared to have an independent witness testify to corroborate the claim, the rationale of that case supports its position. We are not persuaded by Windsor's interpretation of *McDermott* as requiring us to uphold the corroboration clause here.

## II.

Windsor cites numerous cases from the courts of other states to show that, under the facts here, the contract provision does not violate public policy. These cases, however,

do not support its position because either they hold, contrary to *McDermott,* that physical contact is required, or they rest their holding on the various states' UM statutes that require corroboration. We see nothing in these cases that is applicable to this case because the Colorado statute does not contain a corroboration clause or specifically permit a policy to have such a provision.

In the absence of specific statutory mandates requiring corroborative evidence, courts of other states have almost unanimously declared corroborative evidence requirements invalid. *See Walker v. GuideOne Specialty Mut. Ins. Co.,* 834 So.2d 769 (Ala. 2002); *Keystone Ins. Co. v. Raffile,* 225 Conn. 223, 622 A.2d 564 (1993); *Massa v. S. Heritage Ins. Co.,* 697 So.2d 868 (Fla.Dist.Ct. App.1997); *Kramer v. Ins. Co. of N. Am.,* 54 S.W.3d 613 (Mo.Ct.App.2001); *Pak v. Allstate Ins. Co.,* 15 Pa. D. & C.4th 514 (Pa. Com.Pl.1992); *Perez v. Am. Bankers Ins. Co.,* 81 N.J. 415, 409 A.2d 269 (1979). *But see Dunn v. Doe,* 206 W.Va. 684, 527 S.E.2d 795 (1999).

We are cognizant of the potential for collusion and insurance fraud in cases such as this, but, contrary to Windsor's argument, our decision here should not necessarily lead to a rash of fraudulent claims. Trial judges and juries are competent to determine whether a claimant has carried the burden of proof and will weed out fraudulent claims. In any event, this argument is better made to the General Assembly than to the courts. *See Schlessinger v. Schlessinger,* 796 P.2d 1385 (Colo.1990); *Meyer v. State Farm Mut. Auto. Ins. Co., supra.*

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge VOGT and Judge GRAHAM concur.