95 N.J. Super. 219 (1967)
230 A.2d 521
LOCAL UNION 560, I.B.T., AN UNINCORPORATED LABOR ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
EAZOR EXPRESS, INC., a CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 8, 1967.
Decided May 29, 1967.
*221 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Herbert Burstein, of the New York Bar (admitted pro hac vice), argued the cause for appellant (Messrs. Brenner & New, attorneys; Mr. Herbert New, of counsel).
Mr. Edward A. Cohen argued the cause for respondent (Messrs. Beckerman & Franzblau, attorneys).
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendant trucking company appeals from a final judgment of the Chancery Division confirming an arbitrator's award, which directed the reinstatement of Frank Grasso as an employee of defendant, with no loss of seniority benefits or rights and with back pay for the period of his wrongful discharge.
Plaintiff local union is the collective bargaining representative of the truck drivers employed by defendant at its trucking terminals located in Jersey City, New Jersey, and in Maspeth, Long Island, New York. The company is engaged in the transportation of freight in interstate commerce. The collective bargaining agreement between plaintiff union and defendant provides that an employee shall not be discharged except for "just cause." It makes discharges subject *222 to final and binding arbitration before the New Jersey State Board of Mediation.
On August 12, 1966 defendant discharged Frank Grasso, an employee of many years seniority who was the shop steward of the Jersey City drivers. The union filed for arbitration of the discharge with the New Jersey State Board of Mediation. An arbitrator was designated by the board to hear the case and a hearing was scheduled by the board for October 13, 1966 at 10 A.M. at its offices. However, defendant twice postponed the hearing on the ground that it was not ready to proceed, and the hearing was finally rescheduled for October 19, 1966.
Both sides appeared on the last-mentioned date with their respective witnesses and with their attorneys. The hearing was convened by the designated arbitrator, and the parties executed the usual formal submission agreement of the board, setting forth the issues in dispute as follows:
"Did the Employer have just cause to discharge Frank Grasso under the terms of the collective bargaining agreement? If not, what remedy is appropriate?"
In the submission agreement, the parties further agreed to
"faithfully abide by and perform any award made pursuant to this agreement and that such award shall be binding and conclusive upon us."
The usual procedure in labor arbitration hearings involving the discharge of an employee is for the employer to proceed first with the presentation of its case, thereby giving its reasons for and the factual basis upon which it asserts the "just cause" for the discharge. Defendant agreed to follow this procedure.
However, contrary to the usual procedure in such hearings, defendant employer called Grasso, the discharged employee, as its first witness. Both Grasso and the union objected to Grasso's being called as the first witness for the employer. *223 The union stated that it intended to call Grasso to testify on his own behalf. The union further agreed that it would not object to the employer's broadening the scope of the cross-examination of Grasso to include subject matter not covered in the direct examination.
Thereupon, the employer's attorney requested the arbitrator to direct Grasso to answer the employer's questions. Having been given no reason for the employer's unusual request, the arbitrator declined to do so and suggested that the employer adhere to the customary procedure of presenting its case through friendly witnesses. He told the employer's attorney that he was relying upon the union's statement that Grasso would be called upon to testify during the course of the hearing. The arbitrator further noted that if Grasso was not called by the union, he would permit the employer to examine him directly before the close of the hearing.
The employer's attorney thereupon requested a short recess, which was granted. During the recess he prepared a subpoena directed to Grasso, which the arbitrator executed and which was then served upon Grasso and a witness fee was tendered.
Upon resumption of the hearing the employer again called upon Grasso to testify, this time pursuant to the subpoena. Grasso and the union reiterated their previous objections. The employer's attorney again requested the arbitrator to direct Grasso to testify and the arbitrator again declined to do so. The employer's representatives then stated that they would withdraw from the hearing if Grasso was not compelled to testify as the employer's first witness. No reason was given for the necessity of calling him first. There was no representation that he was the employer's only witness. In fact, the employer had two of its supervisory personnel present who could have been called to testify to the reasons for the discharge and the facts supporting those reasons.
The arbitrator cautioned the employer's representatives that he had ruled that Grasso would not be required to testify at that point, and that he intended to continue with *224 the hearing that day regardless of whether or not one of the parties chose not to participate. Despite that ruling, the employer's representatives withdrew from the hearing room and took no further part in the hearing. Sworn testimony was then taken from the union's witnesses, including Grasso, and the hearing was closed that day when no further evidence or testimony was offered. Based upon the proofs offered an award was made in favor of the discharged employee, as first noted above. Chancery Division confirmation of the award followed, and thereafter this appeal.
We are not called upon herein to determine whether the proofs before the arbitrator were sufficient to justify his fact findings and conclusions that Grasso was discharged without just cause. Suffice it to say, they were sufficient.
The basic question herein is whether the award must be set aside because the arbitrator would not permit the employer to call Grasso as its first witness. Defendant's position is that it had an absolute right to present its case as it saw fit and to determine whom it would call as a witness and the sequence in which its witnesses would be called to testify. It contends that the refusal of the arbitrator to permit it to call Grasso as its first witness was prejudicial misbehavior and a denial of procedural due process of law.
Defendant's reason for desiring to call the discharged employee as its first witness was never presented to the arbitrator. Nor was any proffer of proof made. The purported reason was first revealed in the Chancery Division when defendant's attorney said:
"Why should the grievant, if the company doesn't so desire, have the opportunity to hear the testimony of the company's witnesses where he is the one that was involved in the incidents that are the subject of the dismissal?"
It was not until oral argument before us that defendant's attorney, in response to inquiry by the court as to how defendant was prejudiced by the arbitrator's ruling, stated that defendant intended to call Grasso as its only witness.
*225 We find no prejudice to defendant in the arbitrator's ruling. There is no showing that defendant was harmed by being deprived of the opportunity of calling Grasso as its first witness. Defendant could have followed the arbitrator's recommended procedure of calling its "friendly witnesses" first. There were at least two present at the hearing. They could have testified as to the company's specific reasons for discharging Grasso, instead of hiding behind the generalization that they had done so for "just cause." They could have stated the facts upon which they relied. Certainly, they knew what prompted their action. In this manner, the hearing would have proceeded in an orderly, logical manner. Grasso then would have been able to meet the charges fairly and squarely.
Defendant was not deprived of any right to interrogate Grasso. It was assured that he would be called to testify, that the cross-examination could go beyond the scope of the direct examination, and that if the union did not call Grasso as a witness, then the arbitrator would see to it that defendant could call him directly.
Defendant argues that the rules and regulations of the New Jersey State Board of Mediation give it the absolute right to decide for itself which of its witnesses it will call first, and that includes the discharged employee, if it so desires. The rules do not expressly so provide. Rule V (8) provides in pertinent part:
"At the arbitration hearing, the parties may offer such evidence as they desire and shall produce such additional evidence as the arbitrator may deem necessary to an understanding and determination of the dispute. Conformance to the legal rules of evidence is not necessary and the arbitrator shall be the judge of the relevancy and materiality of the evidence offered." (Italics ours)
Defendant contends that the italicized words above give it the absolute right to determine the order in which it may present its evidence.
We do not agree. This rule guarantees the right of the parties to present evidence but does not derogate from *226 the power of the arbitrator to regulate the order of the presentation. It is the arbitrator who makes the final decision. Absent some palpable abuse of discretion prejudicial to one of the parties, the arbitrator's control of the order of proofs will not be disturbed. To take away this power from the arbitrator would permit the case to be developed in any illogical, disjointed or uncoordinated manner either or both parties chose to adopt. Procedural due process does not go that far. It is enough that a party is given an opportunity to be heard and a fair hearing. There is no showing that defendant was denied any opportunity to be heard or to have a fair hearing. It was not prevented from eliciting the testimony of Grasso.
No one disputes the right of a party to call an adverse party as his witness. The issue herein deals, rather, with the arbitrator's power to regulate the sequence of the witnesses being called. We find no prejudice to defendant in the ruling of the arbitrator. Defendant has failed to demonstrate any prejudice in the deferring of Grasso's testimony until other witnesses had first been called to testify.
The discharge apparently stemmed from Grasso's appearing at defendant's premises on certain days, after he had been told by the employer for disciplinary reasons that he would not be permitted to work those days. Unquestionably, Grasso did appear on the days in issue but, as he explained, he was not there to work. He was there before the work shift began simply to talk to the men in the performance of his duties as shop steward, and he left after doing so. He asserted that his presence did not result in any slow-down or tie-up, and that the union contract gave him as shop steward the right and the duty to be where he was. Thus, the issues were simple and uncomplicated. The arbitrator's ruling was reasonable and fair, viz., to proceed in the customary manner by the employer's calling its witnesses before the discharged employee would be called. There was to be no limitation upon defendant's right of examination of Grasso. We can only conclude that defendant's unexplained *227 insistence upon the right to call Grasso first, in contravention of the arbitrator's suggested procedure, was arbitrary and unwarranted. Its withdrawal from the arbitration hearing, after the assurances and warning of the arbitrator, was unjustified.
Arbitration is a more or less informal and expeditious manner of disposing of disputes. Its purpose is to avoid costly and protracted litigation, and in the field of labor law to minimize industrial strife. Carpenter v. Bloomer, 54 N.J. Super. 157 (App. Div. 1959). By the simple procedure of both sides "putting all the cards on the table," without being bound by technical rules of evidence and procedural niceties, a quick result can be reached without the need for either side invoking economic sanctions ruinous to their mutual welfare. See Donnelly v. United Fruit Co., 40 N.J. 61, 78-79 (1963); Leslie v. Leslie, 50 N.J. Eq. 103, 107 (Ch. 1892); Hepburn and Loiseaux, "The Nature of the Arbitration Process," 10 Vand. L. Rev. 657, 660-673 (1957); 5 Am. Jur.2d, sec. 110, Rules of procedure, p. 602.
Judicial review of arbitration awards is extremely narrow. Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178 (1963). It is limited to those situations outlined in N.J.S. 2A:24-8 (similar to 9 U.S.C.A., § 10, the American Arbitration Act). Our statute allows the vacation of an award only if it was procured by corruption, fraud, or "undue means"; if there was "evident partiality" by any arbitrator; if the award deals with either more or less than the total number of issues submitted, or
"* * * [w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party * * *." N.J.S. 2A:24-8(c). (Emphasis added)
The arbitrator herein did not refuse to "hear" evidence, as was the case in Hart v. Kennedy, 47 N.J. Eq. 51 (Ch. 1890). "Undue means" has been construed to mean basing *228 an award on a clearly mistaken view of fact or law. Collingswood Hosiery Mills v. American Federation, 31 N.J. Super. 466 (App. Div. 1954); Anco Products Corp. v. T.V. Products Corp., 23 N.J. Super. 116 (App. Div. 1952). No such "undue means" is alleged here. And, as noted above, defendant has not established any "misbehavior" by the arbitrator "prejudicial" to its rights. As one commentator put it:
"* * * the arbitrator requires the employer to proceed initially to put on his case  justification of the discipline imposed. The rationale for this requisite (even though the union is the moving party) is that the facts which motivated the employer are crucial to the assessment of `just cause' and are peculiarly known only to those who made the decision to discipline. It would seem to follow that allowing the employer simply to call the grievant would be an obvious frustration of this rationale. * * *" Jones, "Evidentiary Concepts in Labor Arbitration: Some Modern Variations on Ancient Legal Themes," 13 U.C.L.A.L. Rev. 1241, 1292 (1966).
Far from constituting "misbehavior," the arbitrator's ruling accorded with procedural propriety, as noted above.
The judgment of the Chancery Division is affirmed.