128 N.J. Super. 1 (1974)
318 A.2d 777
ALBERT BELARDINELLI, INDIVIDUALLY AND LOCAL 560, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, PLAINTIFFS-APPELLANTS,
v.
WERNER CONTINENTAL, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1974.
Submitted for Determination March 25, 1974.
Decided April 4, 1974.
*4 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Thomas A. DeClemente for appellants (Mr. Mario M. Polcari, attorney).
Mr. Herbert New for respondent (Messrs. Brenner, New & Brenner, attorneys).
The opinion of the court was delivered by MICHELS, J.S.C., Temporarily Assigned.
This is an appeal by plaintiffs Albert Belardinelli and Local 560, International Brotherhood of Teamsters (union) from a judgment of the Chancery Division upholding an arbitrator's award which found that there was just cause for the discharge of Belardinelli from his employment with defendant Werner Continental, Inc. (Werner). The action arises under section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, by virtue of which this court has concurrent jurisdiction with the federal courts. The substantive law to be applied under this act is federal law which the courts must fashion from the policy of our national labor laws. See Standard Motor Freight, Inc. v. Local Union No. 560, 49 N.J. 83, 86 (1967); Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Newark Wire Cloth Co. v. United Steelworkers of Amer., 339 F. Supp. 1207, 1209 (D.N.J. 1972).
Plaintiff was employed as a driver with Werner, an interstate motor carrier, for approximately 17 1/2 years and was a member of Union Local 560. Plaintiff was dispatched by Werner to Food Fair to pick up a load of cartons. When he arrived at the shipping dock he refused to load the cartons onto his truck by means of an electric jack as requested by the shipper because he never loaded cargo with an electric jack and apparently was concerned with his safety. He immediately called an official of the union, during which time he tied up the shipping dock. Food Fair, angered by the delay, denied him the load, and he returned to Werner's *5 terminal with an empty truck. As a result of this incident plaintiff was discharged by Werner the next day. Following his discharge the union lodged a grievance with Werner and being unable to settle the dispute at the grievance level, the union and Werner submitted the matter to final and binding arbitration in accordance with their bargaining agreement. The submission presented to the arbitrator by the union and Werner stated as follows:
Did Mr. Belardinelli quit his job? If not, was he discharged for just cause? If neither, what shall the remedy be?
The arbitrator held that since there were no previous timely warnings given to plaintiff by Werner as required by the bargaining agreement, plaintiff should have been continued in service until the matter was heard at arbitration. The arbitrator further held that even though the bargaining agreement did not permit immediate discharge for the offense here involved, just cause existed for the discharge of plaintiff. The arbitrator upheld the discharge of plaintiff and awarded him back pay from the date of his discharge to the date of the arbitration award. The Chancery Division confirmed the award, from which judgment this appeal was taken.
Plaintiffs contend that the arbitrator's award was beyond the authority expressly conferred upon him by the bargaining agreement and that the award, therefore, should be set aside.
The bargaining agreement involved is the National Master Freight Agreement and New Jersey-New York Area General Trucking Supplemental Agreement (agreement). Article 47 of the agreement sets forth the basis upon which an employee may be discharged or suspended. Section 1, in pertinent part, provides:
The Employer shall not discharge nor suspend any employee without just cause and the written notice of discharge or suspension must set forth the specific reason(s) for such action. In respect to discharge *6 or suspension, the Employer shall give at least one warning notice of the specific complaint against such employee, in writing, and a copy of the same to the Union and the shop steward, except that no warning notice need be given to any employee before he is discharged or suspended if he is discharged or suspended for any of the causes listed in Section 2 below or suspended for theft of time. The Employer shall not discipline any employee without just cause based upon valid written warning notices sent within the applicable time periods set forth hereinafter. No disciplinary notice shall be considered valid unless it is in writing, has been delivered to the employee, personally or by certified mail to the address given to the Employer by the employee or his job steward and sent certified mail to the Union, and sets forth therein in full the specific grounds and circumstances upon which it is based. No warning letter or letter of suspension shall be considered valid unless issued by the Employer within seven (7) days, excluding Saturdays, Sundays, and holidays, from the date the Employer knew of or reasonably should have become aware of the specific grounds and circumstances upon which it is based.
Section 2 referred to above enumerates the only causes for immediate discharge of an employee, none of which is here involved.
Article 46 of the agreement sets forth the grievance procedure and union liability thereunder. Section 1(1) sets forth the power conferred upon the arbitrator appointed in accordance with the provisions of this Agreement as follows:
(1) The decisions of the Joint Local Committees, Joint Area Committee, the Eastern Conference Joint Area Committee and the arbitrators appointed in accordance with the procedures set forth herein shall be final and binding on all parties involved, and employee(s) affected. Such Committees or arbitrators shall not be empowered to add to or subtract from this Agreement or render any decision in conflict with the Agreement or which modifies this Agreement in any way. Such Committees or arbitrators may, in cases involving disciplinary action including discharge, sustain any discharge or suspension or disciplinary action or modify such discharge, suspension or disciplinary action as they may deem just and equitable.
We recognize the fundamental concept that the merits of an arbitration award will not be reviewed by the courts. See United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); United *7 Steelworkers v. Warrior & G. Nav. Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers v. Enterprise Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). However, we recognize that where an arbitration award does not draw its essence from the bargaining agreement it will not be enforced by the courts. See United Steelworkers v. Enterprise Corp., supra; Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3 Cir.1969).
The proper standard for judicial review of an arbitrator's award was aptly stated in Brotherhood of Railroad Train. v. Central of Ga. Ry. Co., 415 F.2d 403, 411-412 (5 Cir.1969), cert. den. 396 U.S. 1008, 90 S.Ct. 564, 24 L Ed.2d 500 (1970), as follows:
In the arbitration context, an award "without foundation in reason or fact" is equated with an award that exceeds the authority or jurisdiction on the arbitrating body. To merit judicial enforcement, an award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement. The arbitrator's role is to carry out the aims of the agreement, and his role defines the scope of his authority. When he is no longer carrying out the agreement or when his position cannot be considered in any way rational, he has exceeded his jurisdiction. The requirement that the result of arbitration have "foundation in reason or fact" means that the award must, in some logical way, be derived from the wording or purpose of the contract. This Court in Safeway Stores v. American Bakery Workers Local 111, (5 Cir.1968), 390 F.2d 79, 81, 82, has recently announced the standard for review of an arbitrator's award: "[I]f the award is arbitrary, capricious or not adequately grounded in the basic collective bargaining contract, it will not be enforced by the courts." ... On its face the award should ordinarily reveal that it finds its source in the contract and those circumstances out of which comes the "common law of the shop."
The United States Supreme Court in United Steelworkers v. Enterprise Corp., supra, at 597, 80 S.Ct. at 1361, has stated with respect to the role of the arbitrator:
When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially *8 true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency. Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award.
The above-quoted language of the Enterprise case has often been applied by the federal courts to invalidate awards of arbitrators which were found to "manifest an infidelity" to the collective bargaining agreement from which the arbitrator derived his authority.
Thus, in Local 342, United Automobile, A. & A.I. Wkrs. v. T.R.W., Inc., 402 F.2d 727 (6 Cir.1968), cert. den. 395 U.S. 910, 89 S.Ct. 1742, 23 L.Ed.2d 223 (1969), a proceeding to enforce an arbitrator's award directing the reinstatement of certain employees, the award had directed that the discharge penalty applied by the employer should be set aside because the procedure followed lacked "fundamental fairness". The court found that the collective bargaining contract clearly gave the employer the right to discharge any employees striking in violation of the contract, and that the language of the contract was unambiguous, not requiring interpretation by the arbitrator. The contract, moreover, provided, as in the instant case, that the arbitrator should not have the power to add to, subtract from or modify its terms. The Court, therefore, held, citing Enterprise as controlling:
The conduct of the arbitrator * * * constituted the addition of terms to a negotiated contract that was neither unclear nor incomplete. [402 F.2d at 730]
It was declared by the court that
* * * It can be assumed that the contract provision which allowed the selective discharge of some of the participants in a walkout was *9 the product of bargaining and that the company gave some quid pro quo to get it. An arbitrator should not be permitted to nullify it. [at 731]
An arbitration award was again set aside and declared void and unenforceable in Dorado Beach Hotel Corp. v. Union de Trabajadores, etc., 317 F. Supp. 217 (D.P.R. 1970), on the ground that it ignored the express provisions of the collective bargaining agreement. There, the arbitrator had held that the time limitation provisions of the local statute of limitations were applicable to the processing of the grievance in question despite the existence of an express provision of the contract providing for a different time limitation. The court held that since the statute only applied to judicial actions and not to the processing of grievances through the arbitration procedure established by a collective bargaining agreement, the express contract provisions regarding the time limitations controlled, and the arbitrator had impermissibly altered these contract provisions. The court concluded (at 224) that the award of the arbitrator does not draw its essence from the collective bargaining agreement.
Similarly, in Nuest v. Westinghouse Air Brake Company, 313 F. Supp. 1228, 1236 (S.D. Ill. 1970), the court held, among other things, that the portion of the arbitrator's award directing the reinstatement of the plaintiff "without any back pay" was void and unenforceable. There, again, the collective bargaining agreement provided that the arbitrator should have no power to add to, subtract from or modify the terms of the agreement and further specified that any employee found by the grievance and arbitration procedure to have been unjustifiably discharged must be "reinstated and compensated for time lost." It was held by the court, again citing Enterprise:
The awards by the arbitrator that the plaintiff was unjustifiably discharged and must be restored to employment "but without back pay" are patently inconsistent, under the clear terms of that agreement quoted above. In the latter determination, the arbitrator clearly *10 deviated from the unambiguous terms of Section 2(c) of the agreement and went beyond the scope of his powers as limited by the agreement. The parties accepted the reinstatement award, and the latter determination constitutes an infidelity to the arbitrator's obligations on the face of his award. Accordingly, that part of the award is void and unenforceable. * * * [at 1236]
Under the clear and unambiguous language of section 1 of Article 47, an employee shall not be discharged without just cause. Except for those causes expressly enumerated in section 2 of Article 47 for which an employee may be immediately discharged, an employee may not be discharged without receiving a prior warning of the specific complaint by his employer. Since Belardinelli's offense was the refusal to accept a work assignment, it was not one of the enumerated causes for immediate discharge, and Werner could not discharge Belardinelli without prior written warning. The construction that we place upon the discharge provisions of the Agreement is the same construction placed by our Supreme Court upon the discharge provisions of an earlier New Jersey-New York Area General Trucking Agreement, which appear to be substantially similar, in Standard Motor Freight, Inc. v. Local Union No. 560, supra. While the court was there concerned with the question of whether the circumstances of the termination of plaintiff's driver constituted a matter of discharge arbitrable by one procedural route provided by the bargaining agreement, or whether it should follow another procedural course, the court commented on the discharge provisions as follows:
* * * Article 10 deals with discharge of employees. It generally provides no employee shall be discharged "without just cause" and then specifically designates certain offenses as the only causes for "immediate discharge". Refusal to accept a work assignment is admittedly not one of these offenses. With respect to other offenses, the employer may only give the employee a warning notice, which remains in effect for a specified number of months. Apparently a repetition of the same offense, or commission of another, within that period *11 would furnish then a basis for discharge. The employee involved here had not received a warning notice prior to the incident in question.

* * * * * * * *
* * * [T]he facts seemingly did not meet the Article 10 requirements for a valid immediate discharge, so it can well be imagined that the employer used the "voluntary quit" characterization and then urged that that classification was encompassed within "a matter of discharge." [49 N.J. at 93; Emphasis added]
The language of the Supreme Court certainly supports our construction of the discharge provisions of this agreement.
The award of the arbitrator upholding Belardinelli's discharge cannot be said to draw its essence from the agreement entered into between the union and Werner. On the contrary, the arbitrator's award is totally unsupported by and not even rationally inferable from the express terms of the agreement. The effect of the award was to add an additional ground for immediate discharge for which the parties had not bargained and which is not contained in their Agreement. This clearly was in violation of the express provisions of Section 1, Article 46 referred to above. Accordingly, the arbitrator's award was beyond his jurisdiction and authority and will not be enforced by this Court.
For the foregoing reasons the judgment of the Chancery Division confirming the arbitration award is reversed, and the award is set aside and declared null and void. The matter is remanded to the court below with directions that it enter judgment setting aside the arbitration award and reinstating Belardinelli as an employee of Werner in accordance with the opinion of this court, and determine, after a hearing, the amount of back pay to which he would be entitled from the date of his discharge.
Reversed and remanded.