171 N.J. Super. 30 (1979)
407 A.2d 1251
FREDERICK W. DONNELLY, INC., PLAINTIFF-RESPONDENT,
v.
UNIT ONE LAWRENCE CO., DEFENDANT-APPELLANT.
UNIT ONE LAWRENCE CO., PLAINTIFF-APPELLANT,
v.
FREDERICK W. DONNELLY, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1979.
Decided October 26, 1979.
*31 Before Judges FRITZ, KOLE and LANE.
Mr. Melvin S. Narol argued the cause for appellant (Messrs. Jamieson, McCardell, Moore, Peskin and Spicer, P.A., Princeton, attorneys; Mr. Herbert F. Moore of counsel; Mr. Narol on the brief).
Mr. James J. Armstrong, Jr., argued the cause for respondent.
*32 PER CURIAM.
Unit One Lawrence Co. appeals from an order of the Law Division denying Unit One's motion to require an arbitrator to furnish a written statement of his findings of fact and conclusions of law, denying its petition to vacate the arbitrator's award, and granting Frederick W. Donnelly, Inc.'s petition to confirm the award and entering judgment in the amount of $41,160 in favor of Donnelly against Unit One. We affirm.
In order to finance the construction of a building on land owned by Donnelly, Donnelly entered into an agreement with Unit One under the terms of which Donnelly conveyed the land to Unit One and entered into a lease which gave it an option to buy. Unit One constructed a building on the lands in accordance with the plans prepared by an architect selected by Donnelly.
Donnelly went into possession under a temporary lease before the permanent lease was entered into. It experienced leaking of water from the roof. It complained to Unit One, which caused repairs to be made to the roof. There was no leaking for a period of four or five months, two or three of which preceded the entry of the permanent lease which was on January 1, 1971. In the spring of 1971 the leaking started again, causing flooding and property damage. Donnelly filed a demand for arbitration in accordance with the rules of the American Arbitration Association. Its demand set forth that it had experienced severe water damage from an improperly constructed roof built by Unit One not in accordance with the plans and specifications or accepted building codes and standards. The arbitrator gave an award for Donnelly in the total amount of $41,160 made up as follows:
$29,639  claims respecting replacement and repairs to the roof;
$3,884  reimbursement for prior repairs to the building and roof;
$7,637  damages to the interior carpeting, ceiling, etc.
*33 Unit One sought to vacate the award on the ground that it was procured by undue means. N.J.S.A. 2A:24-8(a). It urges that the arbitrator misapplied the law because he must have based the award on a finding that an implied warranty of habitability is included in a commercial lease and another finding that the exculpatory provisions of the lease are contrary to public policy. It is arguing that by so finding the arbitrator rewrote the terms of the lease.
The lease provides in section 23.02 that the landlord shall not be liable for any injury or damage caused by water, rain or snow which may leak or flow from any part of the building. Section 23.03 of the lease provides that the landlord shall not be liable for any damage to any property of the tenant. In section 29.08 it is provided that the tenant has inspected the building and is thoroughly acquainted with its condition. To support its position Unit One sought to obtain an order from the Law Division compelling the arbitrator to set forth its findings of fact and conclusions of law.
In certain circumstances a court may compel an arbitrator to set forth its findings of fact and conclusions of law. Cf. Kearny PBA Local # 21 v. Kearny, 81 N.J. 208, 219-220 (1979). However, "every intendment is indulged in favor of the award and it is subject to impeachment only in a clear case." Carpenter v. Bloomer, 54 N.J. Super. 157, 168 (App.Div. 1959). In close cases the policy of indulgent treatment of arbitrators and their awards should be followed. La Stella v. Garcia Estates, 66 N.J. 297, 303 (1975).
A court may not consider evidence extrinsic to the award as a matter of course in every case. A court must first conclude that the potential for the arbitrator's error is greater than the potential for a correct result. Where a court finds legal and factual conclusions that could sustain the award, there is no justification for examination of extrinsic evidence and no justification *34 to compel an arbitrator, who is not otherwise required, to set forth his findings of fact and conclusions of law. Kearny PBA Local # 21 v. Kearny, supra, 81 N.J. at 219-220.
In this case Unit One assumes that the arbitrator must have found an implied warranty of habitability in the commercial lease and found that the exculpatory provisions of the lease applied to the claim. The award could have been based upon negligent construction of the roof. The arbitrator could have interpreted the lease to find that the intent of the parties was not to exclude damage caused by the negligence of Unit One. See Carbone v. Cortlandt Realty Corp., 58 N.J. 366, 368 (1971). Under such findings the award would be unimpeachable. Accordingly, the order of the Law Division denying the relief sought by Unit One and entering judgment in favor of Donnelly for the amount of the award is affirmed.