238 N.J. Super. 141 (1990)
569 A.2d 293
MCHUGH INCORPORATED, PLAINTIFF,
v.
SOLDO CONSTRUCTION CO., INC., DEFENDANT-APPELLANT, AND WARREN COUNTY BOARD OF CHOSEN FREEHOLDERS, DEFENDANT-RESPONDENT, AND INSURANCE COMPANY OF NORTH AMERICA-AETNA INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1989.
Decided January 29, 1990.
*142 Before Judges J.H. COLEMAN,[1] MUIR and SKILLMAN.
Richard R. Bonamo argued the cause for appellant (Wilentz, Goldman & Spitzer, attorneys; Richard R. Bonamo, of counsel and Lisa Adubato Nesi, on the brief).
David E. Shaver argued the cause for respondent (Scarpone & Edelson, attorneys; (James A. Scarpone and David E. Shaver, on the brief).
*143 The opinion of the court was delivered by SKILLMAN, J.A.D.
Defendant Warren County Board of Chosen Freeholders (the County) awarded defendant Soldo Construction Co., Inc. (Soldo) one of a number of prime contracts for the construction of the Warren County Detention Center. Soldo's subcontractors on the project included Rose Construction Company (Rose). After the project was completed, Soldo presented various claims for arbitration including a claim which Rose had presented to Soldo.[2]
The arbitrators conducted lengthy hearings regarding the Soldo's claims as well as the claims of other contractors on the project.[3] At the conclusion of the hearings, the arbitrators made an award which included a provision that:
THE WARREN COUNTY BOARD OF CHOSEN FREEHOLDERS shall pay to SOLDO CONSTRUCTION CO., INC., the sum of SEVEN HUNDRED SIXTY-SEVEN THOUSAND SIX DOLLARS AND SEVENTY-FIVE CENTS ($767,006.75), which sum includes the following amounts which SOLDO CONSTRUCTION *144 CO., INC., upon receipt of the foregoing sum, shall pay to its subcontractors as follows:
* * * * * * * *
(B) ROSE CONSTRUCTION CO., ONE HUNDRED TWENTY-EIGHT THOUSAND NINE HUNDRED THIRTY-FIVE DOLLARS ($128,935.00)
The County paid the entire arbitration award except the part Soldo is obligated to transmit to Rose. The parties' dispute as to this part of the award was presented to the trial court by Soldo's motion to confirm and the County's cross motion to vacate the award.
The trial court found that no evidence was presented to the arbitrators to support an award with respect to the Rose subcontract and consequently entered judgment vacating this part of the award. We affirm.

I
The threshold issue on this appeal is whether an arbitration award is subject to attack on the ground that no evidence was presented to the arbitrators to support the award.
It is "generally recognized that the role of the courts in reviewing arbitration awards is extremely limited." Local 153, Office & Professional Employees Int'l Union v. Trust Co. of N.J., 105 N.J. 442, 448, 522 A.2d 992 (1987). Consequently, "every intendment is indulged in favor of the award and it is subject to impeachment only in a clear case." Barcon Associates v. Tri-County Asphalt Corp., 86 N.J. 179, 187, 430 A.2d 214 (1981), quoting Carpenter v. Bloomer, 54 N.J. Super. 157, 168, 148 A.2d 497 (App.Div. 1959); see also Cty. College of Morris Staff Ass'n v. Cty. College of Morris, 100 N.J. 383, 390, *145 495 A.2d 865 (1985) ("judicial interference with the role of the arbitrator is to be strictly limited.").
However, there are "limitations to the deference given an arbitrator's decision." Cty. College of Morris Staff Ass'n v. Cty. College of Morris, supra, 100 N.J. at 391, 495 A.2d 865. An arbitrator's interpretation of a contractual provision will not be sustained unless it is "reasonably debatable." State v. State Troopers Fraternal Ass'n, 91 N.J. 464, 472, 453 A.2d 176 (1982); see also Belardinelli v. Werner Continental, Inc., 128 N.J. Super. 1, 318 A.2d 777 (App.Div. 1974); Ukrainian Nat'l Urban Renewal Corp. v. Muscarelle, Inc., 151 N.J. Super. 386, 398, 376 A.2d 1299 (App.Div. 1977), certif. den. 75 N.J. 529, 384 A.2d 509 (1977). And because it is a court's duty to sustain an award only if there are "legal and factual conclusions to support it," State v. State Troopers Fraternal Ass'n, supra, 91 N.J. at 470 n. 2, 453 A.2d 176, "[i]t frequently may be necessary to consider evidence extrinsic to the award to decide whether any of the statutory grounds for vacating the award exists." Kearny P.B.A. Local # 21 v. Town of Kearny, 81 N.J. 208, 219, 405 A.2d 393 (1979); see also Fred. W. Donnelly, Inc. v. Unit One Lawrence, 171 N.J. Super. 30, 33-34, 407 A.2d 1251 (App. Div. 1979), certif. den. 82 N.J. 298, 412 A.2d 803 (1980). Moreover, the Supreme Court has seemingly endorsed the view that an arbitration award must be vacated if it is shown to have been based on a "clearly mistaken view of fact." See Local 153, Office & Professional Employees Int'l Union v. Trust Co. of N.J., supra, 105 N.J. at 450 n. 1, 522 A.2d 992 ("while `undue means' has been interpreted as including a `clearly mistaken view of fact or law,' [Local Union 560 v. Eazor Express, Inc., 95 N.J. Super. 219, 228, 230 A.2d 521 (App.Div. 1967)], it does not include situations such as this, where the arbitrator bases his decision on one's party's version of the facts, finding that version to be credible."). Thus, although there is no New Jersey case directly on point, our cases suggest that an arbitration award may be vacated if it is shown not to be supported by any evidence in the record.
*146 This conclusion is firmly supported by federal case law. For example, in NF & M Corp. v. United Steelworkers of America, 524 F.2d 756 (3rd Cir.1975), the court stated:
An arbitrator is not required to list his reasons for the award, nor should an ambiguity in his opinion be seized upon to support an inference that he exceeded his authority. Further, a court is precluded from overturning an award for errors in assessing the credibility of witnesses, in the weight accorded their testimony, or in the determination of factual issues.
Nonetheless, if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated. [524 F.2d at 759-760 (emphasis added; citations omitted)].
See also United Electrical, Radio & Machine Workers of America, Local 1139 v. Litton Microwave Cooking Products, Litton Systems, Inc., 704 F.2d 393, 396-397 (8th Cir.1983).
Other federal decisions have reached the same conclusion based on their interpretation of the United States Arbitration Act, 9 U.S.C. § 10 (1988), which contains language essentially identical to the New Jersey Arbitration and Award Act, N.J.S.A. 2A:24-8.[4] Thus, in Storer Broadcasting Corp. v. American *147 Federation of Television and Radio Artists, 600 F.2d 45 (6th Cir.1979), the court stated:
It is very well settled that the courts are generally required to refrain from reviewing the merits of an arbitrator's award due to the policy favoring arbitration as a means of resolving labor disputes.... But there are at least two important exceptions to this general rule. First, "the arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language he is without authority to disregard or modify plain and unambiguous provisions." ... Second, "although a court is precluded from overturning an award for errors in the determination of factual issues, `[n]evertheless, if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated.'" [600 F.2d at 47 (emphasis added; citations omitted)].
Similarly, in National Post Office v. United States Postal Service, 751 F.2d 834 (6th Cir.1985), the court observed:
Although it is sometimes said that arbitration awards cannot be upset "on grounds of erroneous findings of fact," the reported cases demonstrate that this aphorism is properly applied to an arbitrator's factual determinations based on disputed or ambiguous evidence (i.e., his findings), rather than to clear misstatements of undisputed historical fact.
... [W]here the record that was before the arbitrator demonstrates an unambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award, it can fairly be said that the arbitrator "exceeded [his] powers, or so imperfectly executed them" that vacation may be proper. [751 F.2d at 843 (emphasis added; citations omitted)].
See also Detroit Coil Co. v. Int'l Ass'n of Machinists & Aerospace Workers Lodge # 82, 594 F.2d 575, 580-581 (6th Cir.1979), cert. den. 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979); cf. Benjamin F. Shaw Co. v. Cincinnati Gas & Elect. Co., 633 F. Supp. 841, 843 (S.D.Oh. 1986) ("Monetary awards will be upheld as long as such awards bear a logical relationship to the evidence or as long as there is a rational basis therefor.").
We conclude for the reasons expressed in the foregoing federal cases that where there is no evidence in the record to support an arbitration award, it should be vacated on the *148 ground that the arbitrators "exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter was not made," N.J.S.A. 2A:24-8(d).

II
We therefore must decide whether the trial court was correct in finding that there is no evidence to support the portion of the arbitration award attributable to Rose's claim against Soldo. Rose, a defunct corporation whose charter was revoked by the Secretary of State, did not appear at the arbitration hearing. Indeed, Soldo has not had any contact with Rose for several years and does not know the whereabouts of the principals of the former corporation. The only references to Rose's claim made at the arbitration hearing were by an officer of Soldo, Joseph Lucarelli, and Soldo's expert witness, Richard Donnelly. However, neither of these witnesses purported to have any personal knowledge of the basis of Rose's claim. All they knew was that Rose had made a claim against Soldo for delay damages of $247,976.82, which was reduced through negotiations to $128,935 but never paid. These witnesses did not have any information regarding how the $128,935 was calculated, what it was composed of (i.e., labor, material, equipment rental, or other such costs), or even who calculated the figure and when. In short, while Soldo presented the bare fact that Rose had made a claim for $128,935, it did not present any evidence to the arbitrators to support that claim. Therefore, the trial court properly vacated that portion of the award.[5]
Affirmed.
NOTES
[1] Judge Coleman did not participate in the oral argument of this appeal. However, the parties have consented to his participation in the decision.
[2] In addition, plaintiff McHugh, Incorporated, another of Soldo's subcontractors on the project, filed suit against Soldo and the County, asserting claims which the parties subsequently agreed to resolve through the arbitration proceedings. McHugh's complaint also joined Insurance Company of North America-Aetna Insurance Company, which had issued a construction bond to the County, as a defendant. Neither McHugh nor the Insurance Company of North America are involved at the present stage of this litigation.
[3] We previously addressed another aspect of this consolidated arbitration proceeding in Seaboard Surety Co. v. Bd. of Chosen Freeholders of Warren Cty., 222 N.J. Super. 409, 537 A.2d 310 (App.Div. 1988), certif. den. 111 N.J. 630, 546 A.2d 545 (1988).
[4] The United States Arbitration Act, 9 U.S.C. § 10 (1988) sets forth the following grounds for vacation of an arbitration award:

(a) Where the award was procured by corruption, fraud, or undue means.
(b) Where there was evident partiality or corruption in the arbitrators, or either of them.
(c) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
(d) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
N.J.S.A. 2A:24-8 states the court shall vacate an arbitration award:
a. Where the award was procured by corruption, fraud or undue means;
b. Where there was either evident partiality or corruption in the arbitrators, or any thereof;
c. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause being shown therefor, or in refusing to hear evidence, pertinent and material to the controversy, or of any other misbehaviors prejudicial to the rights of any party;
d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
[5] Soldo's counsel candidly admitted at oral argument that if it prevails on this appeal, Soldo probably would retain the part of the award it is required to pay Rose. The County suggests that such an outcome would be inconsistent with the arbitrators' directive that the $128,935 be paid to Rose. Consequently, the County has taken the position that even if this part of the award were reinstated, it should be permitted to discharge its obligation by a check made jointly payable to Soldo and Rose. Since we have concluded that there is no evidence to support this part of the arbitration award and that it must be vacated, there is no need for us to decide whether the County's proposed method of payment would satisfy the award.