**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5730-17T4

ASPHALT PAVING
SYSTEMS, INC.,

      Plaintiff-Appellant,

v.

ASSOCIATED ASPHALT
PARTNERS, LLC and
ASSOCIATED ASPHALT
TRANSPORT, LLC,

      Defendants-Respondents.

_____

Argued July 16, 2019 – Decided August 7, 2019

Before Judges Vernoia and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0978-16.

Colin G. Bell argued the cause for appellant (Hankin Sandman Palladino & Weintrob, attorneys; Colin G. Bell, on the briefs).

Kathleen F. Beers argued the cause for respondents (Westmoreland Vesper Quattrone & Beers, PA, attorneys; Kathleen F. Beers, on the brief).

PER CURIAM

Plaintiff Asphalt Paving Systems, Inc., appeals from orders entered after our remand on its initial appeal affirming an arbitration award entered in favor of defendants Associated Asphalt Partners, LLC, and Associated Asphalt Transport, LLC (collectively defendants), and an order denying plaintiff's motion for reconsideration. We affirm in part, vacate in part and remand for further proceedings.

We described the facts giving rise to the dispute between the parties in our initial decision, Asphalt Paving Systems, Inc. v. Associated Asphalt Partners, LLC, No. A-5487-15 (App. Div. Oct. 19, 2017) (slip op. at 1-5), and need not repeat them in detail here. It is sufficient to note that plaintiff and defendants agreed to arbitrate a dispute over the terms of a settlement agreement and further agreed that the attorney who drafted the agreement would serve as the arbitrator. Following the arbitration proceeding, the arbitrator rendered an opinion in defendants' favor.

Plaintiff filed a verified complaint and order to show cause alleging the award should be vacated because it was procured by undue means. More particularly, plaintiff claimed that at the conclusion of the arbitration proceeding the arbitrator asked, "What would be the result if I determined the agreement is

too ambiguous to enforce?" and, in response, defendants' counsel[1] raised his voice, pointed his finger angrily at the arbitrator, and threatened that the arbitrator would be sued for malpractice. In its complaint, plaintiff alleged the arbitration award subsequently entered in defendants' favor should be vacated because it was procured through undue means—defendants' counsel's threat of suit against the arbitrator.

On the return date of the order to show cause, the judge rejected plaintiff's claims without holding an evidentiary hearing. The judge found that, based on his personal knowledge of the arbitrator, there was no possibility that the putative threat would have affected the arbitrator's ability to be fair and impartial in rendering the arbitration award. The judge entered an order affirming the arbitration award.

Plaintiff appealed, and we reversed the court's order. We found the judge erred by basing his decision on his personal knowledge of the arbitrator and noted there were unresolved factual issues as to "whether the witness made a

_____

[1] Based on the limited record provided in support of the prior appeal, we identified the individual who allegedly made the threat as defendants' "witness." See id. at 2-3. The record on the pending appeal reveals that the individual was defendants' counsel. We therefore refer to the individual as "defendants' counsel," and note that the attorney who made the statement to the arbitrator at issue in this matter was not defendants' counsel on the initial appeal and is not defendants' counsel on the pending appeal.

material threat against the arbitrator and, if so, whether such threat influenced his decision." Id. at 7. We remanded the matter for an evidentiary hearing and found it was therefore unnecessary to address plaintiff's remaining arguments supporting its challenge to the arbitration award. Ibid.

On remand, a different judge held an evidentiary hearing during which the arbitrator and other individuals present when the alleged threat was made testified. The court issued a written decision summarizing the witnesses' testimony and noting that the arbitrator drafted the settlement agreement at issue in the arbitration. The court found that at the conclusion of the arbitration hearing, the arbitrator "posed the following question to the parties: 'What would be the result if I determined the agreement is too ambiguous to enforce?'" The court also found that in response to the arbitrator's question, defendants' counsel responded, "[W]ell, you'll get sued."

The court found plaintiff failed to establish the arbitration award was procured through undue means. See N.J.S.A. 2A:23B-23(a)(1) (providing that "[a] court shall vacate an [arbitration] award . . . if . . . the award was procured by corruption, fraud or undue means"). The court noted that the arbitrator admitted posing the question and defendants' counsel acknowledged referencing "malpractice" in response, but the attorney "described the dialogue between [he

and the arbitrator] as being 'banter' and 'witticism'" and that, when the colloquy occurred, "[he] was laughing, [and] so was" the arbitrator.

The court found defendants' counsel's reference to a possible lawsuit against the arbitrator "wholly inappropriate" and that the banter between the arbitrator and defendants' counsel constituted "unsuitable behavior that calls into question the very quality and professionalism of [the] proceedings." In any event, the court found that "it is clear from the testimony that [the arbitrator] did not view [defendants' counsel's] comments as a threat, but rather something said in jest and made in response to his own ill-chosen question." The court further found the dialogue was not "of such a nature that it affected [the arbitrator's] decision-making process" and, as a result, defendants' counsel's statement "does not constitute a 'material threat.'"[2]

The court declined to address plaintiff's contention that the arbitration award should be vacated because even if the putative threat did not affect the arbitrator's decision-making, it created an impermissible appearance of

---

[2] Although the court indicated that it was unnecessary to determine if the putative threat influenced the arbitrator's decision because "no 'material threat' was made," it nonetheless expressly found defendants' counsel's statement to the arbitrator did not affect the arbitrator's decision-making. We are bound by the court's finding the putative threat did not affect the arbitrator's decision-making because it is supported by "adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974).

impropriety and lack of impartiality. The court determined the argument was not raised on plaintiff's initial appeal or addressed in our initial decision and that our remand limited the court's consideration only to whether there was a material threat to the arbitrator and, if so, whether it affected the arbitrator's decision-making process. The court entered an order affirming the arbitration award.

Plaintiff moved for reconsideration, arguing the court's decision was palpably incorrect because it was based on an incorrect premise: that plaintiff had not previously argued before the trial court and this court on the initial appeal that the award should be vacated based on an appearance of partiality. Plaintiff also argued that arbitration awards must be vacated where there is an appearance of impropriety based on evident partiality. See N.J.S.A. 2A:23B-23(a)(2). In its written decision, the court acknowledged that it erred by finding plaintiff did not raise the appearance of partiality argument during the initial trial court proceeding and appeal because the record showed otherwise. The court, however, denied the reconsideration motion based on its determination that our prior decision limited its consideration to only two discrete issues; whether there was a material threat and, if so, did it affect the arbitrator's decision-making. The court determined our prior decision did not direct that the appearance of partiality issue be considered on remand and therefore it did not

err by not addressing the issue. The court entered an order denying plaintiff's motion for reconsideration. This appeal followed.

We review a trial court's decision to affirm or vacate an arbitration award de novo. Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013). We owe no special deference to "[t]he 'trial court's interpretation of the law and the legal consequences that flow from established facts.'" Town of Kearny v. Brandt, 214 N.J. 76, 92 (2013) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

"[T]he scope of review of an arbitration award is narrow. Otherwise, the purpose of the arbitration contract, which is to provide an effective, expedient, and fair resolution of disputes, would be severely undermined." Minkowitz, 433 N.J. Super. at 136 (alteration in original) (quoting Fawzy v. Fawzy, 199 N.J. 456, 470 (2009)). There is a "strong judicial presumption in favor of the validity of an arbitral award, [and] the party seeking to vacate it bears a heavy burden." Del Piano v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 372 N.J. Super. 503, 510 (App. Div. 2004). "[T]he party opposing confirmation ha[s] the burden of establishing that the award should be vacated . . . ." Township of Wyckoff v. PBA Local 261, 409 N.J. Super. 344, 354 (App. Div. 2009) (second alteration

in original) (quoting Jersey City Educ. Ass'n v. Bd. of Educ. of City of Jersey City, 218 N.J. Super. 177, 187 (App. Div. 1987)).

Plaintiff first challenges the trial court's rejection of its contention that defendants' counsel's statement to the arbitrator resulted in an arbitration award procured through undue means. See N.J.S.A. 2A:23B-23(a)(1). "'[U]ndue means' ordinarily encompasses a situation in which the arbitrator has made an acknowledged mistake of fact or law or a mistake that is apparent on the face of the record . . . ." Borough of E. Rutherford v. E. Rutherford PBA Local 275, 213 N.J. 190, 203 (2013) (first alteration in original) (quoting Office of Emp. Relations v. Commc'ns Workers of Am., 154 N.J. 98, 111 (1998)). Here, plaintiff claims the arbitration award was procured through undue means because defendants' counsel threatened the arbitrator and the threat affected the arbitrator's decision.

We reject plaintiff's contention because it lacks support in the court's factual findings to which we defer because they are supported by substantial credible evidence. Zaman v. Felton, 219 N.J. 199, 215 (2014). The court determined, as a matter of fact, that defendants' counsel's statement was never perceived by the arbitrator as a threat, did not constitute a threat and did not affect the arbitrator's decision-making. Those findings, which are amply

supported by the record,[3] do not permit or support a conclusion that the arbitration award was procured through undue means; the arbitration award could not have been procured by a statement that, as a matter of fact, did not affect the arbitrator's decision-making.

Plaintiff also argues the court erred by denying its request to question defendant Associated Asphalt Partners, LLC's general counsel, who was present during the arbitration, about two aspects of his testimony at the arbitration proceeding. More particularly, plaintiff sought to question the general counsel about two limited portions of his arbitration testimony: one related to the age of the trailers and the other concerning whether defendants ever considered letting plaintiff fix the trailers.

Plaintiff argued in the remand court that the evidence before the arbitrator showed the general counsel's testimony on these two issues during the arbitration conflicted with emails he had sent and which were presented at the

---

[3] As summarized by the court, as reflected in the remand record, the arbitrator testified that when he asked, "What if the agreement is too ambiguous to enforce," that he "was kidding," and that defendants' counsel "joked back at [him]." The arbitrator explained, "I made this silly comment, which I shouldn't have made, and then [defendants' counsel] responded in kind and people laughed." The arbitrator further testified that he had no recall of the dialogue when he rendered his opinion and, as noted, defendants' counsel characterized the dialogue as "banter" and "witticism," and explained that "[he] was laughing, [and] so was [the arbitrator]."

arbitration. Plaintiff claimed the arbitrator ignored the conflict and erroneously accepted the general counsel's testimony over what the emails showed, and the arbitrator's erroneous acceptance of the testimony had a tendency to prove the arbitrator's alleged state of mind—that he was affected by the alleged threat made by defendants' counsel. Plaintiff argues that the remand court's refusal to consider the proffered evidence about the conflict between the general counsel's testimony and the emails requires a reversal of the court's finding the alleged threat did not affect the arbitrator's decision-making. We disagree.

"[A] trial court's evidentiary rulings are entitled to deference absent a showing of an abuse of discretion, i.e., there has been a clear error of judgment." State v. Nantambu, 221 N.J. 390, 402 (2015) (alteration in original) (quoting State v. Harris, 209 N.J. 431, 439 (2012)). Under this standard, the trial court's decision barring the admission of putative evidence should not be overturned "unless it can be shown that the trial court palpably abused its discretion, that is, that its finding was so wide [of] the mark that a manifest denial of justice resulted." State v. Lykes, 192 N.J. 519, 534 (2007) (alteration in original) (quoting Verdicchio v. Ricca, 179 N.J. 1, 34 (2004)). Where a court errs in barring the admission of evidence, we consider whether the error was clearly capable of producing an unjust result. R. 2:10-2.

We discern no abuse of discretion in the court's decision barring plaintiff from introducing evidence concerning the alleged conflicting evidence from the general counsel at the arbitration concerning two limited issues. We review decisions on the admission of evidence under the appropriate legal standard de novo, State v. Reddish, 181 N.J. 553, 609 (2004), and are convinced the proffered evidence was properly barred because it was cumulative and unnecessary, N.J.R.E. 403(b).

The arbitrator's opinion details the conflicting testimony and evidence presented during the arbitration and reflects that the arbitrator made numerous determinations concerning the credibility of the evidence. It is apparent on the face of the arbitration award that the arbitrator considered and weighed all of the evidence and made credibility determinations adverse to plaintiff. Thus, the limited proffered evidence—two purported examples of the arbitrator's decision to accept contested evidence favorable to defendants—is unnecessary and cumulative because the arbitrator's award shows the arbitrator rejected plaintiff's evidence.

Moreover, the proffered evidence alone simply could not establish either that the arbitrator erred by accepting the general counsel's testimony or that the arbitrator's decision-making was affected by defendants' counsel's purported

threat. Any assessment of whether the arbitrator's acceptance constituted a reasoned consideration of the evidence or an unsupportable determination demonstrating a state of mind to rule in defendants' favor based on the alleged threat would have necessarily required an assessment of all of the evidence presented at the arbitration and not just the limited fragments of the record included in plaintiff's proffer.[4]

The court did not abuse its discretion by refusing to consider the proffered evidence. In addition, the record does not show, and plaintiff's fails to demonstrate that even if the court erred by sustaining the objection to the proffered evidence, the error was clearly capable of producing an unjust result. R. 2:10-2. Indeed, the court found as a matter of fact that defendants' counsel's statement did not constitute a threat in the first instance.

Plaintiff also claims the proffered evidence concerning the general counsel's testimony and the emails was admissible to directly establish the award was procured by undue means, N.J.S.A. 2A:23B-23(a)(1). Relying on our decision in McHugh, Inc. v. Soldo Construction Company, Inc., plaintiff argues that undue means is established "where there is no evidence in the record to

---

[4] We do not suggest or conclude that a court's review of the entire arbitration record, if proffered, would have been proper or required. We address only the limited evidence that was proffered by plaintiff before the remand court.

support an arbitration award." 238 N.J. Super. 141, 147 (App. Div. 1990). McHugh provides no support for plaintiff's claim, however, because its holding applies only where there is "no evidence" supporting the arbitrator's decision. Ibid. As we noted in McHugh, our Supreme Court explained in Local No. 153, Office & Professional Employees International Union, AFL-CIO v. Trust Company of New Jersey, 105 N.J. 442, 450 n.1 (1987), that undue means is not established in "situations . . . where the arbitrator bases his [or her] decision on one[]party's version of the facts, finding that version to be credible." 238 N.J. Super. at 145. That is the precise situation here.

Plaintiff claims only that the proffered evidence would have showed the arbitrator erred in his credibility determination as to the conflict between the general counsel's testimony and the emails. Thus, the arbitrator made a credibility determination that does not support a finding of undue means. Local No. 153, 105 N.J. at 450 n.1. We are therefore satisfied that the court did not err by refusing to consider evidence which, based on plaintiff's proffer, would have established only that the arbitrator made a credibility determination adverse to plaintiff because that determination does not support a finding that the arbitration award was procured through undue means. Ibid.

A-5730-17T4

We affirm that portion of the court's order rejecting plaintiff's claim that the arbitration award should be vacated because it was procured by undue means, N.J.S.A. 2A:23B-23(a)(1), based on defendants' counsel's statement to the arbitrator. We also affirm the court's finding the statement was made in jest, did not constitute a threat and did not affect the arbitrator's decision-making on the matters at issue at the arbitration. The court addressed those issues in accordance with our remand directions, see Asphalt Paving Systems, Inc., slip. op. at 6-7, and, as noted, its findings are supported by substantial credible record evidence.

We are, however, compelled to remand the matter for further proceedings on plaintiff's separate challenge to the validity of the arbitration award. Plaintiff argued before the first judge, on the initial appeal and before the remand court that even if defendants' counsel's statement did not actually affect the arbitrator's decision-making process, the statement and the circumstances surrounding it created an appearance of impropriety that requires that vacation of the arbitration award. That issue, however, was not decided in our opinion on the initial appeal because it was not addressed by the first judge, and the initial appeal focused on the first judge's erroneous reliance on his personal knowledge in finding defendants' counsel's statement did not affect the judge's decision-

14

making. Our focus on the first judge's decision was the product of what occurred before the first judge and the arguments raised in the initial appeal. Although we remanded for the court to address whether a threat had been made and whether it affected the arbitrator's decision-making, our initial decision was not intended to preclude plaintiff from pursuing its consistently asserted claim that the arbitration award should be vacated based on an alleged appearance of impropriety. Indeed, plaintiff has never had the benefit of a trial court decision on the claim.

We therefore remand to allow the trial court to consider and decide plaintiff's claim in the first instance. The court shall hear argument, conduct whatever proceedings it deems appropriate to do so and decide the issue based on the applicable law based on the record presented. We remand to allow plaintiff and defendants the opportunity to properly litigate plaintiff's longstanding claim before the trial court so that our review of any decision, if necessary in the future, is based on a complete motion record. Our remand does not constitute an opinion on the merits, if any, of the claim and is not intended to define or limit the procedure the court shall employ for the resolution of the claim. Our determination and remand render it unnecessary to consider plaintiff's claim the court erred by denying its motion for reconsideration.

A-5730-17T4

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-5730-17T4