909 A.2d 752 (2006)
388 N.J. Super. 513
Tahiyyah JONES, Plaintiff-Respondent,
v.
NASER CITY TRANSPORTATION CORP., and American Millennium Insurance Company, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 2006.
Decided November 2, 2006.
*753 Robert E. Brenner, Somerville, argued the cause for appellants (Brenner & Levine, attorneys; Mr. Brenner, on the brief).
Lawrence R. Pacifico, Rahway, argued the cause for respondent (Tobin, Koster, Oleckna, Reitman, Greenstein & Konray, attorneys; Mr. Pacifico, of counsel and on the brief).
Before Judges COBURN, AXELRAD and R.B. COLEMAN.
The opinion of the court was delivered by
COBURN, P.J.A.D.
A taxi passenger, injured when the taxi was struck by a negligently-operated, hit-and-run vehicle, sued for uninsured motorist benefits (UM) under the taxi's insurance policy. The policy limited UM coverage to the owner and anyone specifically named as a driver. On cross-motions for summary judgment, the trial court ruled that coverage had to be extended to the passenger despite the limiting language contained in the policy. An appeal was filed by the insurance company, defendant American Millennium Insurance Company, and the taxi owner, defendant Naser City Transportation Corp.
Plaintiff quite properly concedes that she is not entitled to UM coverage under the terms of the insurance policy, but she contends the limitation violates the applicable statutory law or public policy. We disagree, and therefore reverse the order of October 7, 2005.
When the words in a statute are clear, and their literal application is compatible with the overall legislative design, the interpretive process is satisfied by enforcement of the plain meaning of the words. O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002); New Capitol Bar & Grill Corp. v. Div. of Employment Sec., 25 N.J. 155, 160, 135 A.2d 465 (1957).
The statutory rule governing UM coverage is stated in N.J.S.A. 17:28-1.1, which, in pertinent part, requires that all motor vehicle insurance policies provide uninsured motorists coverage for "the insured or his legal representative." Had the Legislature wanted UM coverage extended to all vehicular passengers, the most natural place for insertion of that *754 requirement would have been in this statute.
Nevertheless, relying on the general principle that terms of the UM statute are to be construed in pari materia with terms of the New Jersey Automobile Reparation Reform Act (the "Act"), N.J.S.A. 39:6A-1 to -34, plaintiff argues that she is included within the definition of those insured in the PIP portion of the Act, which extends PIP coverage to
the named insured and members of his family residing in his household, who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, caused by an automobile or by an object propelled by or from an automobile, and to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured.
[N.J.S.A. 39:6A-3.1a; N.J.S.A. 39:6-4 (emphasis added).]
We reject that argument in part because the Act specifically excludes private passenger automobiles "used as a public or livery conveyance for passengers," such as taxis, from the coverage it requires. N.J.S.A. 39:6A-2. We also reject it because the quoted section does not change the definition of an "insured," but simply provides PIP coverage to certain categories of persons who do not fit ordinarily within the definition of an insured, such as a passenger. We also note that when the Legislature wanted, in a specific instance, to extend the PIP coverage required of all motor vehicles, as distinguished from automobiles, it was not reluctant to do so expressly. Thus, N.J.S.A. 17:28-1.6 requires the equivalent of PIP insurance for passengers in motor buses meeting the definition of an "omnibus" in N.J.S.A. 39:1-1, while N.J.S.A. 17:28-1.5 expressly reiterates that PIP need not be carried by "[v]ehicles engaged in the transportation of passengers for hire in the manner and form commonly called taxicab service unless such service becomes or is held out to be regular service between stated termini." N.J.S.A. 17:28-1.5.
Although our courts have frequently struck insurance policy provisions that were more restrictive than those mandated by statute, see, e.g., Perez v. American Bankers Ins. Co. of Florida, 81 N.J. 415, 409 A.2d 269 (1979); Ciecka v. Transamerica Ins. Group, 81 N.J. 421, 409 A.2d 272 (1979); Walkowitz v. Royal Globe Ins. Co., 149 N.J.Super. 442, 374 A.2d 40 (App. Div.), petition for certif. dismissed, 75 N.J. 584, 384 A.2d 815 (1977), such cases have no application where, as here, the policy provides the mandated coverage.[1]
Finally, we note that plaintiff is not without relief since she is entitled to benefits from the Unsatisfied Claim and Judgment Fund. See N.J.S.A. 39:6-61 to -91. Thus, our reading of N.J.S.A. 17:28-1.1 is compatible with the overall legislative design.
Reversed.
NOTES
[1] Plaintiff's reliance on Berger v. First Trenton Indem. Co., 339 N.J.Super. 402, 772 A.2d 28 (App.Div.2001) is misplaced. In Berger, we held that a passenger injured in a taxi was entitled to UM coverage under her own automobile insurance policy despite that policy's attempt to exclude coverage when the insured was a passenger in a vehicle operated for a fee, such as a taxi. We so held because the exclusion conflicted with the coverage mandated by N.J.S.A. 17:28-1.1. That is not the case here.