950 A.2d 251 (2008)
401 N.J. Super. 282
AUTO ONE INSURANCE COMPANY, Plaintiff-Appellant,
v.
AMERICAN MILLENNIUM INSURANCE COMPANY and Gurcan Ozcan, Defendants-Respondents.
No. A-0496-07T1
Superior Court of New Jersey, Appellate Division.
Argued June 10, 2008.
Decided July 9, 2008.
Thomas J. Decker argued the cause for appellant (Decker & Magaw, attorneys; Mr. Decker, on the brief).
Robert E. Brenner, Somerville, argued the cause for respondent American Millennium Insurance Company (Brenner & Levine, P.A., attorneys; Mr. Brenner, on the brief).
No brief was filed on behalf of respondent Gurcan Ozcan.
Before Judges STERN, COBURN and WAUGH.
*252 The opinion of the court was delivered by
WAUGH, J.S.C. (temporarily assigned).
This appeal concerns the interplay between the coverage language of a motor vehicle insurance policy and the statutory provisions requiring insurance carriers to provide liability coverage, N.J.S.A. 39:6B-1, and uninsured motorist (UM) coverage, N.J.S.A. 17:28-1.1a. Appellant Auto One Insurance Company (Auto One) argued unsuccessfully in the Law Division that both statutory provisions should be read together to require an insurer to provide UM coverage to any driver who would be entitled to liability coverage, whatever the actual language of the governing policy. We affirm.
This action arises out of an automobile accident that took place in Asbury Park. Gurcan Ozcan, whose personal vehicle was insured by Auto One, was driving a 1994 Lincoln sedan owned by Niak Kakar. Kakar's Lincoln was insured by respondent American Millennium Insurance Company (American Millennium). Ozcan was operating the Lincoln as a taxi or livery under a financial arrangement with Kakar, the terms of which are not relevant here.
On February 10, 2005, Ozcan was involved in an accident with a phantom vehicle, in which he allegedly sustained injuries. He eventually filed suit for UM benefits against American Millennium, arguing that he was entitled to UM benefits under Kakar's policy. He did not make Auto One, his personal carrier, a party to that action. Ozcan's suit against American Millennium was dismissed with prejudice on summary judgment. Ozcan then sought UM benefits from Auto One under his own auto policy.
Auto One commenced the present action against American Millennium and Ozcan, seeking to vacate the dismissal of Ozcan's suit against American Millennium and to compel it to participate in Ozcan's UM arbitration on a pro rata basis.[1] On August 17, 2007, the trial court denied Auto One's motion for summary judgment seeking to vacate the dismissal of Ozcan's prior action. Auto One appeals from that order.[2]
The gist of Auto One's argument is that, because Ozcan would have been entitled to liability coverage under Kakar's American Millennium policy, he is also entitled to that policy's UM coverage. Auto One bases its argument primarily on the fact that the American Millennium policy uses the same definition of "insured" for both types of coverage. That argument totally ignores the fact that Ozcan would only be entitled to liability coverage from American Millennium because of the "omnibus liability coverage statute," N.J.S.A. 39:6B-1, and not under the actual language of the American Millennium policy.
In fact, as Auto One appears to concede, Ozcan would not be entitled to any liability coverage under the actual terms of the American Millennium policy because he was not a "named driver" on the policy and, therefore, not an "insured." The language of the policy, however, is irrelevant to the provision of liability coverage because the statute overrides the limiting language of the policy itself, thereby implementing *253 the overarching public policy embodied in the statute. Proformance Ins. Co. v. Jones, 185 N.J. 406, 415, 887 A.2d 146 (2005).
The statutory mandate that insurers provide UM coverage is significantly more limited than the "omnibus" requirement that they provide liability coverage. N.J.S.A. 17:28-1.1a(2) requires an insurer to provide a minimum amount of UM coverage to "the insured or his legal representative." Because Ozcan was not a "named driver" and, consequently, not an "insured," he was not entitled to UM coverage under the terms of the American Millennium policy. There is simply no merit to Auto One's argument that, because Ozcan was entitled to liability coverage, he should be considered an "insured" under the American Millennium policy and, as an "insured," entitled to UM benefits.
As we held in Jones v. Naser City Transp. Corp., 388 N.J.Super. 513, 514, 909 A.2d 752 (App.Div.2006), "[w]hen the words in a statute are clear, and their literal application is compatible with the overall legislative design, the interpretive process is satisfied by enforcement of the plain meaning of the words." Here, the language of the statute clearly limits the required UM coverage to "the insured or his legal representative." As we also held in Jones with respect to whether UM coverage was required for passengers, if the Legislature had wanted to provide for broader mandatory UM coverage, "the most natural place for insertion of that requirement would have been in this statute." Id. at 515, 909 A.2d 752. The Legislature has not done so.
Affirmed.
NOTES
[1] We note in passing that the better procedure in the Law Division would have been for Auto One to have filed a motion to intervene under R. 4:33-1 in Ozcan's original action against American Millennium for the purpose of moving under R. 4:50-1 to set aside the dismissal with prejudice on the theory that it was a necessary party under R. 4:28-1(a).
[2] We assume, as did the parties, that the denial of summary judgment to Auto One effectively disposed of all claims in the lawsuit and was, therefore, a final order.